Kenneth Wayne **BLEDSOE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. C14–87–426–CR.

Court of Appeals of Texas, Houston (14 Dist.).

June 9, 1988.

James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Carol M. Cameron, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This is an appeal from a conviction for the offense of aggravated robbery. A jury found Appellant guilty of the offense and assessed his punishment, enhanced by two prior felony convictions, at confinement for life in the Texas Department of Corrections. We affirm.

Appellant asserts six points of error in this appeal. In his first point of error, Appellant contends he was denied effective assistance of counsel by being denied access to meaningful representation of counsel throughout the trial of this cause. In his fourth point of error, Appellant asserts he was denied representation by counsel in violation of U.S. Const. amends. 6 and 14 and Tex. Const. art. I, § 10.

The record shows that Appellant was represented by four different attorneys prior to representing himself at trial. The trial court initially appointed Dominique Gerard, on March 26, 1986, to represent Appellant. She filed a motion for a sanity evaluation and a motion for a competency evaluation on that date. These motions were granted and an evaluation was done by a court appointed psychiatrist. A notice of intent to raise an insanity defense was filed on May 22, 1986, and a number of other motions were subsequently filed by this attorney. Appellant retained William Tise to represent him and he was substituted as counsel for Appellant on October 6, 1986. Thereafter, Mr. Tise withdrew from the case and Ellis McCullough was appointed to represent Appellant on January 6, 1987. Appellant filed a pro-se motion to discharge this attorney which the court denied. Then, on April 1, 1987, the court appointed Ray Montgomery as counsel for Appellant.

When the case was called for trial on May 11, 1987, Appellant asserted his right to represent himself at the trial and the court, after a hearing, granted this request. However, the court required that Mr. Montgomery remain at the counsel table with Appellant throughout the trial and render any assistance requested short of actively participating in the trial. Therefore, Appellant represented himself at trial.

The Sixth Amendment guarantees an accused the right to forego counsel and represent himself. *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 2533, 45 L.Ed. 2d 562 (1975). However, this right must be clearly and unequivocally asserted. *Faretta v. California,* 95 S.Ct. at 2541. Where an accused properly asserts his right to self representation, the record must show that he knowingly and intelligently waived his right to counsel after being informed of the dangers and disadvantages of self-representation. *Funderburg v. State,* 717 S.W.2d 637, 642 (Tex.Crim.App.1986).

We find from our review of the record that Appellant asserted his right to

represent himself in a clear and unequivocal manner. The trial court questioned him extensively to determine whether his waiver of counsel was knowingly and intelligently made. Appellant informed the court that he had attended two years of college, that he knew the Rules of Criminal Procedure and the Rules of Evidence and knew how to ask questions. Appellant stated that he understood the disadvantages of self-representation, had discussed it with Mr. Montgomery who advised against it, and had been advised of the disadvantages by the judge previously presiding over the case. He stated that he was aware of the charge against him, the applicable punishment range and that extraneous offenses could sometimes be admissible. Appellant told the court he understood that he was taking a big chance in representing himself, but that he was fully aware of all the pitfalls and was going into it with his eyes wide open. The trial judge told Appellant he did not recommend that Appellant represent himself but that he would allow it and Mr. Montgomery would sit next to Appellant during the trial. The judge told Appellant that while Mr. Montgomery could not actively participate in the trial he could advise Appellant about any matter of the law or do whatever Appellant wanted him to do. Appellant persisted in his desire to represent himself. We find that Appellant's waiver of counsel was knowingly and intelligently made.

The record also shows that prior to Appellant's assertion of his right to self-representation, Mr. Montgomery prepared the case for trial. Mr. Montgomery testified that he reviewed the entire State's file and discussed the case with Appellant. He stated, however, that Appellant refused to discuss the facts of the case with him and did not want Mr. Montgomery to represent him. Mr. Montgomery further testified that he attempted to contact all possible witnesses in the case, but Appellant was uncooperative and refused to provide him with the names and addresses of any witnesses. Appellant informed Mr. Montgomery that he would do it himself. Mr. Montgomery did contact Appellant's wife who agreed to testify as a fact witness in the

case. The adequacy of an attorney's representation must be gauged by the totality of the representation. *Williams v. State*, 549 S.W.2d 183, 189 (Tex.Crim.App.1977). We find that in light of the totality of the circumstances of the case, Mr. Montgomery's performance was not deficient. Further, when an accused elects to represent himself at trial, he cannot thereafter assert that the quality of his own defense amounted to a denial of effective assistance of counsel. *Williams v. State*, 549 S.W.2d at 189. Appellant's first and fourth points of error are overruled.

In his second point of error, Appellant contends the trial court erred in allowing Dr. Jerome Brown to testify regarding a sanity examination he performed on Appellant, because the examination was performed without the consent of Appellant, his counsel or the court, and at a time when Dr. Brown was acting as an agent of the State.

The record reflects that on March 26, 1986, the State and Appellant's attorney jointly filed a motion requesting the trial court to order Harris County Forensic Psychiatric Services (HCFPS) to conduct an examination of Appellant to determine his sanity at the time of the offense. Dr. Ganc examined Appellant pursuant to the court's order and his report was filed on April 29, 1986. On that same date the court issued *another* order for HCFPS to conduct a sanity examination. It is not clear who requested the additional examination; however, on June 2, 1986, the State filed a third "Motion for Psychiatric Examination: Sanity" requesting an additional opinion on Appellant's sanity at the time of the offense and requesting that this examination be performed by Dr. John Nottingham. The court granted this motion and ordered Dr. Nottingham to examine Appellant. Dr. Nottingham examined Appellant on June 11, 1986, and filed his report on August 27, 1986. In that report Dr. Nottingham noted that Dr. Brown had also examined Appellant and conducted psychological testing. Dr. Brown examined Appellant on June 13, 1986, and filed his report July 15, 1986. In his report and in his testimony at trial, Dr.

Brown stated that the examination he performed was conducted pursuant to a court order. We find that Dr. Brown's examination was conducted pursuant to the court's second order.

We also find that Dr. Brown was not, as Appellant alleges, an agent of the State. A psychological expert who examines a defendant becomes an agent of the State only when he expands the examination to include a crucial issue upon which the State has the burden of proof, such as future dangerousness. *Heflin v. State,* 640 S.W.2d 58, 65 (Tex.App.—Austin 1982, pet. ref'd). Incompetency to stand trial and insanity at the time of the offense are issues upon which the defendant has the burden of proof. *Heflin v. State,* 640 S.W.2d at 65. This examination was authorized by a court order, and did not constitute custodial interrogation. Therefore, the trial court did not err in admitting Dr. Brown's testimony. Point of error two is overruled.

■■■ In point of error three, Appellant contends the trial court erred in not granting Appellant, as counsel pro-se, the mandatory ten day period in which to prepare for trial pursuant to Tex.Code Crim.Proc. Ann. art. 26.04(b).

Article 26.04(b) provides that:

The *appointed* counsel is entitled to ten days to prepare for trial, but may waive the time by written notice, signed by the counsel and the accused. (Emphasis added.)

Tex.Code Crim.Proc.Ann. art. 26.04(b) (Vernon 1966) (amended 1987). Article 26.-04(b) applies only to *appointed* counsel. *Bowers v. State,* 570 S.W.2d 929, 931 (Tex. Crim.App.1978). Thus, the statute is inapplicable where counsel is retained. *Harville v. State,* 591 S.W.2d 864, 869 (Tex. Crim.App.1979). We hold that Article 26.-04(b) does not apply when a defendant elects to represent himself. Even if the statute was applicable, it is the actual preparation time, rather than the date of formal appointment, that determines whether an accused has been given the statutorily required trial preparation time. *Henson v. State,* 530 S.W.2d 584, 585 (Tex.Crim.App.

1975). The record shows that Appellant played an active role in the preparation of his defense during the entire period preceding his trial. Point of error three is overruled.

In point of error five, Appellant asserts the trial court committed fundamental error by instructing the jury on the law of parole pursuant to Tex.Code Crim.Proc. Ann. art. 37.07, § 4 because this statute violates the separation of powers provision Article II, § 1 of the Texas Constitution.

■■■ The Court of Criminal Appeals has recently held that Article 37.07 violates the separation of powers doctrine of the Texas Constitution. *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987). However, only two of the judges of the Court of Criminal Appeals found that an instruction to which the defendant failed to object created fundamental error necessitating reversal. Five judges held that the instruction did not amount to egregious error that deprived the defendant of a fair and impartial trial, relying on *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (on rehearing), *cert. denied,* —— U.S. ——, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987). Here, Appellant failed to object to the parole instruction on constitutional grounds at trial. We hold that in light of the record as a whole the charge given in the present case did not amount to egregious error. We find beyond a reasonable doubt that Appellant was not deprived of a fair and impartial trial. Point of error five is overruled.

■■■ In his final point of error, Appellant asserts the trial court commented on the weight of the evidence in violation of Tex.Code Crim.Proc.Ann. art. 38.05, and that this deprived Appellant of his right to due process in violation of U.S.Const. amends. 5 and 14 and Tex. Const. art. 1, § 19.

The record shows that Appellant testified in narrative form at trial. Appellant sets out seven pages from the statement of facts containing numerous rulings by the trial court in his argument under this point of error. Two of the court's statements are emphasized and we regard this as an

indication of the specific statements by the court which Appellant finds objectionable. The first statement followed the State's objection to the argumentative nature of Appellant's testimony. The court instructed Appellant, "You are not asking questions or giving evidence. Do not make speeches." We find this instruction entirely proper in light of Appellant's testimony.

Thereafter, the State made a number of relevancy objections to Appellant's testimony recounting the events of the months preceding the commission of the offense. The court sustained each of these objections and instructed Appellant to confine his testimony to the relevant facts. When Appellant continued to testify on these matters and the State again objected, the Court ruled as follows:

> THE COURT: Sustained. Stick to the relevant facts, Mr. Bledsoe.
>
> MR. BLEDSOE: Your Honor, I'm trying to bring out the facts leading up to the strain and losing control of—
>
> THE COURT: I agree with the attorney for the State. It's not relevant what you did a month before this occurred.
>
> MR. BLEDSOE: This is a week or the week of the occurrence, Your Honor. This is actually a few days before it happened.
>
> THE COURT: I didn't understand that you drove all over the country and came down here in a week. Go ahead.

Appellant contends this statement that the court agreed with the prosecutor indicated to the jury that the court believed that "Appellant's only evidence just wasn't relevant to anything" and thus constituted a comment on the weight of the evidence which requires reversal. We disagree.

Appellant failed to object at trial to any of the court's statements. Therefore, he has failed to preserve the issue for review and any error is waived. *Sharpe v. State,* 648 S.W.2d 705, 706 (Tex.Crim.App.1983). Further, even if the issue had been properly preserved the statement by the trial court did not constitute reversible error. A comment by the court must be one that is reasonably calculated to benefit the State or prejudice the defendant's rights in order to constitute reversible error. *Davis v. State,* 651 S.W.2d 787, 789 (Tex.Crim.App. 1983); *Varela v. State,* 561 S.W.2d 186, 192 (Tex.Crim.App.1978). We do not find the court's statement to be a comment of such a nature, particularly in light of the court's subsequent statement that it had misunderstood Appellant's testimony and instruction for him to continue with that testimony. The statement was at most an unguarded response to Appellant's apparent persistence in continuing to testify about events which the court had previously ruled were irrelevant. *See Carrillo v. State,* 591 S.W.2d 876, 893 (Tex.Crim.App.1979); *Limon v. State,* 632 S.W.2d 812, 815 (Tex.App.— Houston [14th Dist.] 1982, pet. ref'd). We do not find that this comment or any other statement to which we were directed was reasonably calculated to benefit the State or prejudice Appellant. Point of error six is overruled.

Accordingly, the judgement of the trial court is affirmed.