Kenneth Wayne BLEDSOE, Appellant,

v.

The STATE of Texas, Appellee.

No. 854–88.

Court of Criminal Appeals of Texas, En Banc.

Oct. 19, 1988.

James M. Leitner, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Carol M. Cameron and Mark Vinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted appellant of aggravated robbery and assessed his punishment at life in the Texas Department of Corrections after finding that he was a habitual offender. The Houston [14th] Court of Appeals affirmed, *Bledsoe v. State*, 754 S.W.2d 331 (Tex.App.1988).

In affirming the trial court's judgment, the Court of Appeals noted that under this Court's original decision in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987), the parole law instruction statutorily mandated under Art. 37.07, Sec. 4, V.A.C.C.P., is unconstitutional. The Court of Appeals then applied a harm analysis consistent with that set forth in *Almanza v. State*, 686 S.W.2d 157 (Tex.Cr.App.1984), and found that appellant had not suffered egregious harm which deprived him of a fair and impartial trial.

After this Court delivered its original opinion in *Rose*, supra, and after the Court of Appeals decided the instant appeal, this Court delivered its opinion on the Court's own motion for rehearing in *Rose*, supra, on June 15, 1988. On rehearing, this Court held that Rule 81(b)(2), Tex.R.App.Pro., and not the tests set out in *Almanza*, supra, govern in deciding whether this type of charge error was harmless to the defendant. This Court further held that failure to object to the unconstitutional jury charge did not waive error.

Accordingly, this cause is remanded to the Court of Appeals so that it may analyze the error pursuant to Rule 81(b)(2), supra.

See also *Haynie v. State*, 751 S.W.2d 878 (Tex.Cr.App.1988).

The judgment of the Court of Appeals is vacated and the cause is remanded for further proceedings consistent with this opinion.

ONION, P.J., dissents, and also dissents to the remand.