Kenneth Wayne BLEDSOE, Appellant,

v.

The STATE of Texas, Appellee.

No. C14–87–00426–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 15, 1988.
Discretionary Review Granted
April 5, 1989.

James M. Leitner, Houston, for appellant.

Carol M. Cameron, Houston, for appellee.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

This case is before us on remand from the Court of Criminal Appeals, 758 S.W.2d 786, so that we may reconsider Appellant's fifth point of error in light of *Rose v. State*, 752 S.W.2d 529 (Tex.Crim.App.1988) (opinion on Court's own motion for rehearing).

On direct appeal, Appellant presented six points of error. This court overruled each of these points of error and affirmed the judgment of the trial court. *Bledsoe v. State*, 754 S.W.2d 331 (Tex.App.—Houston [14th Dist.] 1988). The fifth point of error concerned the trial court's instruction to the jury on the law of parole pursuant to Tex.Code Crim.Proc.Ann. art. 37.07, § 4.

The Texas Court of Criminal Appeals has held this instruction to be an unconstitutional violation of the separation of powers and the due process provisions of the Texas Constitution. *Rose v. State*, 752 S.W.2d at 552. Therefore, the trial court's instruction was error. In determining whether reversible error has occurred in giving the parole law instruction, a harmless error analysis must be conducted pursuant to Tex.R.App.P. 81(b)(2). *Rose v. State*, 752 S.W.2d at 554. We must reverse the judgment unless we conclude beyond a reasonable doubt that the parole instruction did not contribute to the punishment assessed by the jury. Tex.R.App.P. 81(b).

In determining whether the error was harmless, we must consider whether the jury received a curative instruction with the charge, the particular facts of the offense in relation to the sentence imposed and the Appellant's criminal record. *Rose v. State*, 752 S.W.2d at 554.

After giving the statutory parole law instruction, the trial court admonished the jury as follows:

> You are not to discuss among yourselves how long the accused would be required to serve the sentence that you impose. Such matters come within the exclusive jurisdiction of the Board of Pardons and Paroles and the Governor of the State of Texas, and must not be considered by you.

An almost identical instruction was given in *Rose*. Because a reviewing court will generally presume that a jury follows the instructions given by the trial judge, it is assumed the jury followed the judge's admonishment that they must not consider the length of the sentence the defendant would be required to serve. *Rose v. State*, 752 S.W.2d at 554.

The record in this case reveals that Appellant attacked the complainant in a parking lot as she was about to exit her automobile. He threw her down on the seat of the car, held a knife to her throat, demanded the keys to her car and told her that if she did not cooperate he would, "[H]urt you real bad, lady." When she attempted to escape, he swung the knife at her and shoved her to the ground.

The jury found Appellant guilty of aggravated robbery. At the punishment stage, the jury was presented with evidence that Appellant had two prior felony convictions for armed robbery and escape. The jury assessed his punishment at confinement in the Texas Department of Corrections for life.

The presumption that the jury followed the curative instruction, together with the facts of the instant offense and Appellant's prior criminal record, indicate that the statutory parole law instruction did not affect Appellant's sentence. Therefore, we find beyond a reasonable doubt that the error in instructing the jury pursuant to Tex.Code Crim.Proc.Ann. art. 37.07, § 4 made no contribution to the punishment assessed. Tex. R.App.P. 81(b)(2). Point of error five is overruled.

Accordingly, the judgment of the trial court is affirmed.