No. 04-98-00092-CR



Thomas MASON,


Appellant



v.



The STATE of Texas,


Appellee



From the 122nd Judicial District Court, Galveston County, Texas 


Trial Court No. 97-CR-0686


Honorable Henry Dalehite, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Phil Hardberger, Chief Justice

 Catherine Stone, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: July 7, 1999


AFFIRMED


 Thomas Mason appeals his conviction of aggravated sexual assault of a child. A jury
convicted Mason and his enhanced punishment was assessed at twenty-five years imprisonment.
Mason challenges his conviction in twelve points of error. Finding no error, we affirm the trial
court's judgment.


Evidentiary Rulings


 In several points of error, Mason complains about the exclusion or admission of certain
evidence. In his first point of error, Mason argues that the trial court erred in excluding testimony
regarding a prior injury to the complainant's hymen, which he claims was necessary to rebut the
State's medical evidence. See Tex. R. Evid. 412 (b)(2)(A). By way of his tenth and eleventh points
of error, Mason alleges error in the trial court's exclusion of a newspaper article and in the admission
of certain photographs.

 We review a trial court's evidentiary rulings under an abuse of discretion standard. Guzman
v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Under that standard, we will not disturb a trial
court's decision unless it lies outside that zone within which reasonable persons might disagree. See
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991).

Texas Rule of Evidence 412

 In point of error number one, Mason argues that the trial court erred in excluding evidence
regarding a previous injury to the complainant's hymen. Mason contends that the excluded evidence
was admissible under Rule of Evidence 412, which allows for evidence of past sexual conduct when
that evidence is necessary to rebut or explain scientific or medical evidence offered by the State.

 During its case-in-chief, the State first called Dr. Lukefahr, the complainant's examining
physician, to testify. The victim's outcry statement alleged that she had been vaginally penetrated
and punched or slapped in the face. Dr. Lukefahr examined the complainant within 48 hours of the
alleged sexual assault. He testified that the most important findings were "fresh abrasions" on the
outer part of the vagina, the labia majora. In Dr. Lukefahr's opinion, the fresh abrasions were
"highly consistent with . . . forceful penile penetration within the previous couple of days." He also
stated that the emergency room medical records documented soft tissue swelling in the cheek area,
swelling consistent with a punch or slap.

 The State then sought to offer into evidence for demonstrative purposes photos/slides taken
at the medical examination. Mason objected, complaining that he had not had an opportunity to
view the photos. Outside the presence of the jury, Mason questioned Dr. Lukefahr about the photos.
Dr. Lukefahr restated his opinion that the evidence of recent abrasions was consistent with penile
penetration. He also noted that a previous injury to the complainant's hymen was depicted in the
photos. This injury was documented in January 1997. Later, in the presence of the jury, Mason
sought to question Dr. Lukefahr about the healed injury. The State's objection that such testimony
was inadmissible under Rule 412 was sustained.

 Rule 412(b)(2)(A) allows for the admission of evidence concerning a victim's previous
sexual conduct if that evidence is necessary to rebut or explain scientific or medical evidence offered
by the State. Tex. R. Evid. 412(a)(1)(B). Here, the medical evidence before the jury related only
to the complainant's recent wounds. That is, Dr. Lukefahr testified only about the indications of
recent sexual activity, the fresh abrasions. Thus, evidence regarding a past injury from an unknown
source would not rebut or explain the fresh abrasions. Under these facts, we find that the trial court
did not abuse its discretion in excluding the evidence regarding the complainant's prior injury. Point
of error number one is overruled.

Newspaper Article

 In point of error number ten, Mason challenges the trial court's refusal to take judicial notice
of a newspaper article. At the close of his defense, Mason sought to introduce into evidence an
article from the Galveston County Daily News for the purpose of showing his whereabouts on April
8, 1997, a date approximately two weeks after the alleged sexual assault. The State objected, arguing
that the article was irrelevant and contained hearsay. The trial court sustained the State's objection
and refused to admit the article into evidence. Mason then asked the trial court to take judicial notice
of the facts contained in the article. The trial court declined to do so.

 Relevance is the threshold requirement for the admissibility of evidence. See Tex. R. Evid.
402. A trial court does not abuse its discretion when, as in the instant case, it refuses to take judicial
notice of irrelevant facts. Cf. Aguirre v. State, 948 S.W.2d 377, 380-81 (Tex. App.­Houston [14th
Dist.] 1997, pet. ref'd) ( finding no abuse of discretion in failing to take notice of statutory provision
that was not relevant to witness testimony). Here, the article Mason asked the trial court to take
notice of concerned events that occurred more than two weeks after the alleged sexual assault. This
article, contrary to Mason's suggestion, would not be probative evidence concerning a possible alibi
defense. Because Mason's whereabouts on April 8, 1997 were of no consequence to the
determination of whether he had the opportunity to sexually assault the complainant on March 23,
1997, we find the trial court did not abuse its discretion in refusing to take judicial notice of the
newspaper article.

 Even assuming the article satisfied the threshold relevancy requirement, we note that the
newspaper article did not fall within the scope of Rule 201. Rule of Evidence 201 permits a court
to take judicial notice of adjudicative facts. Tex. R. Evid. 201(a). Adjudicative facts are "facts
about the particular event which gave rise to the lawsuit . . . that [help] explain who did what, when,
where, how, and with what motive and intent." Emerson v. State, 880 S.W.2d 759, 765 ( Tex. Crim.
App.), cert. denied, 510 U.S. 931 (1994). The proffered article does not speak to the what, when,
where, and how of the crime for which Mason was tried. Point of error number ten is overruled.


Photographs

 In point of error number eleven, Mason complains about the introduction of photographs
which depicted the complainant's injuries. At trial, Mason sought to exclude the photos on the basis
that such evidence had not been timely produced to him, in accordance with a pre-trial discovery
order. Mason's objection was overruled and the photos were admitted into evidence.

 On appeal, Mason challenges the admission of the photos on the basis of relevancy. A party
cannot bring forward a new argument on appeal. See Vanderbilt v. State, 629 S.W.2d 709, 721 (Tex.
Crim. App. 1981) (error presented on appeal must be same as objection made at trial). Because
Mason's trial objection differs from that urged on appeal, this point presents nothing for review. See
Curry v. State, 910 S.W.2d 490, 495 (Tex. Crim. App. 1995).

 We note, however, that the photos were relevant to the State's case. Evidence is relevant if
it tends to make the existence of a material fact more or less likely. Tex. R. Evid. 401. The
complainant was examined within 48 hours of the alleged sexual assault. The photos taken at her
exam depicted recent abrasions or wounds; thus, there is a logical connection between the photos
and the proposition to be proved. Point of error number eleven is overruled.

Sufficient Time for Preparation


 In point of error number four, Mason argues the trial court erred in denying him the
mandatory preparation time for trial required by section 1.051(e) of the Code of Criminal Procedure.
On June 17, 1997, Terry Holmes was appointed to represent Mason. On October 7, 1997,
approximately one and one half months prior to trial, Mason filed a motion to dismiss Holmes as his
attorney, and sought to represent himself. This motion was heard and granted on November 12,
1997. At this hearing, the trial court asked Mason if he could be ready to proceed to trial on
November 17, the scheduled trial date. Mason answered affirmatively. The next day, during a
hearing on Mason's pre-trial motions, Mason reiterated his readiness:

 The Court: You're not asking for a continuation at this time, are you?


 Mr. Mason: Your Honor, due to this being Thursday; and it is a two-week docket as
I've been informed of for the trial process to begin, what Defendant needs to do an
adequate job to prepare should be within the time frame. So, at this time I'm not
asking for a continuance.


 The Court: All right. If you feel you need one, bring that to the attention of Court
before we start the trial. Okay?


 Mr. Mason: Yes, Your Honor.


Mason did not request a continuance prior to the start of trial.

 Acknowledging that section 1.051(e) applies only to "appointed counsel," Mason
nevertheless argues he should have been afforded section 1.051's protection because his decision
to proceed without the benefit of counsel was due to his appointed counsel's failure to effectively
represent him. Mason's argument is without merit.

 Regardless of whether section 1.051(e) applies to pro se litigants,(1) the record clearly reveals
that the trial court offered a continuance, but Mason declined and affirmatively stated he was ready
to proceed to trial. It is well settled that a party cannot lead a judge into action and then complain
on appeal that such action was erroneous. Cf. State v. Manning, 833 S.W.2d 322, 324 (Tex.
App.--Waco 1992, no pet.) (party estopped from challenging trial court's action when party invited
trial court into particular course of action). This rule is applied with equal force regardless of
whether the complaining party is proceeding pro se or with the benefit of counsel. Point of error
number four is overruled.

Waiver


 Mason's remaining eight points of error present nothing for review. These points of error
are deficient either because the complained-of error was not timely brought to the trial court's
attention, see Tex. R. App. P. 33.1(a)(1), or because Mason has failed to adequately brief the issue
on appeal. See Tex. R. App. P. 38.(2)

Preservation of Error

 In point of error number two, Mason complains that the prosecutor improperly attacked his
credibility during closing argument, thereby depriving him of a fair trial. The record reveals that
Mason did not object at trial to the three remarks about which he now complains. A defendant's
"right" not to be subjected to erroneous jury argument is one of those rights that is forfeited by a
failure to insist upon it. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996), cert. denied,
510 U.S. 1173 (1997) (holding that defendant must object and obtain adverse ruling before he can
complain on appeal about an erroneous jury argument). Because Mason failed to object to the
prosecutor's remarks, he cannot raise this issue on appeal. See id. Point of error number two is
overruled.

 Mason next argues that the trial court erred in not allowing him the opportunity to offer
rebuttal evidence following the prosecutor's closing argument. The record reveals that Mason never
made such a request to the trial court. Point of error number three is overruled.

 In point of error number six, Mason contends the State committed reversible error in using
peremptory strikes to exclude African-Americans from the venire panel solely on the basis of their
race, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). Review of the record reveals that
Mason did not object to the State's peremptory strikes after they were exercised or to the racial
composition of the jury panel before it was sworn. "Batson error is subject to principles of ordinary
procedural default." Batisse v. State, 888 S.W.2d 9, 17 n. 5 (Tex. Crim. App. 1994). Because
Mason failed to assert a Batson objection at trial, the issue has not been preserved for appellate
review. See id. Point of error number six is overruled.

 In point of error number seven, Mason argues he is entitled to a new trial because not all
bench conferences were recorded. He claims that the omitted discussions prevented him from
presenting his arguments on appeal. Although Mason requested that the bench conferences be
recorded, he had the burden to object when this did not occur. See Moore v. State, No. 72,638, 1999
WL 233918, * 8 (Tex. Crim. App. Apr. 21, 1999) (pretrial motion relieves party of burden of
obtaining permission to have each bench conference recorded as it occurs, but it does not, standing
alone, preserve error); Walthall v. State, 594 S.W.2d 74, 81 (Tex. Crim. App. 1980). Mason did not
do so. His failure to object at trial prevents him from bringing forward this complaint on appeal.
See Moore, No. 72, 638, 1999 WL 233918 at * 8. Point of error number seven is overruled.

 In point of error number nine, Mason argues the trial court committed reversible error in not
allowing him to use all of his peremptory strikes. After voir dire, the parties submitted to the court
their list of peremptory strikes; Mason struck nine potential jurors. The court clerk called the jurors
and swore them in. The following day, Mason asked to exercise his tenth strike, explaining that he
had intended to use all of his strikes, but he failed to due so because of "the rush." The trial court
denied Mason's request as untimely. Because Mason did not assert his right to exercise all of his
peremptory strikes before the jury panel was sworn, he has failed to preserve this issue for review.
Cf. Pogue v. State, 553 S.W.2d 368, 369 (Tex. Crim. App. 1977) (finding reversible error when error
in jury selection is called to court's attention before jury is sworn and error is not corrected). Point
of error number nine is overruled.

Inadequately Briefed

 In point of error number five, Mason argues that the trial court erred in failing to provide him
the guaranteed provisions of both the Constitution and state law. Mason contends the trial court's
blatant disregard for his rights began at the start of trial and continued to the end. In support of this
contention and for our convenience, Mason refers our attention to the eleven volumes of the
reporter's record brought forward on appeal. In point of error number eight, Mason asserts that the
evidence is insufficient. Lastly, in point of error number twelve, Mason complains that the trial court
erred in not granting his motion for new trial. In support of his final argument, Mason again refers
our attention to the reporter's record, suggesting that his claims find support in the transcription of
the trial.

 A brief that is conclusory and cites no authority presents nothing for review. Tex. R. App.
P. 38; see Imo v. State, 822 S.W.2d 635, 636 (Tex. Crim. App. 1991) (former Rule 74). Under each
of these conclusory arguments, Mason simply refers this court's attention to the lengthy reporter's
record in this case. It is not this court's duty to search the record for reversible error. Torres v. State,
979 S.W.2d 668, 671 (Tex. App.­San Antonio 1998, no pet.); see Tex. R. App. P. 38.1(h).
Moreover, Mason provides no authoritative support other than vague references to the Constitution
for his arguments. We find these points of error inadequately briefed; thus, we decline to address
them. See Mosley v. State, 983 S.W.2d 249, 256 (Tex. Crim. App. 1998), cert. denied, 119 S. Ct.
1466 (1999). Points of error five, eight, and twelve are overruled.

 The judgment of the trial court is affirmed.


 Catherine Stone, Justice

DO NOT PUBLISH

1. In its brief, the State argues that defendants who opt for self-representation are not entitled to the ten-day
preparation period provided for in section 1.051(e) of the Code of Criminal Procedure. At least one court of appeals
has reached that conclusion. See Bledsoe v. State, 754 S.W.2d 331, 335 (Tex. App.­Houston [14th Dist.]), vacated on
other grounds, 758 S.W.2d 786 (Tex. Crim. App. 1988). Because the trial court offered to grant Mason a continuance,
we need not address whether section 1.051(e) applies to pro se defendants.
2. Preserving error for appellate review is a skill that eludes even experienced trial attorneys. Mason's
preservation difficulties in the instant case presents a pointed example of one of the inherent dangers of self-representation.