**Troy Vela SPRINGER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–92–02085–CR.

Court of Appeals of Texas,
Dallas.

Feb. 11, 1997.

. Ross Teter, Dallas, Terri Hamby, Richardson, for Appellant.

April E. Smith, Assistant District Attorney, Dallas, for Appellee.

Before OVARD, MALONEY and WRIGHT, JJ.

## OPINION

MALONEY, Justice.

The trial court revoked Troy Vela Springer's probation and assessed a ten year sentence and a $500 fine. In one point of error, appellant complains that the trial court violated his right to counsel. We affirm the trial court's order revoking probation.

## BACKGROUND

The grand jury indicted appellant for burglary of a building. The State and appellant entered into a plea bargain agreement whereby appellant agreed to enter a plea of guilty in exchange for the State's recommending the trial court assess a ten year sentence and a $500 fine. The agreement further provided that appellant would participate in the special alternative incarceration program (boot camp). The trial court followed the plea bargain agreement.

Although appellant "unsuccessfully" completed boot camp, the trial court nevertheless placed appellant on a ten year probation. The State subsequently moved to revoke appellant's probation, alleging that he violated his probation terms by not reporting or complying with the electronic monitoring condition of his probation. Without benefit of a plea bargain agreement, appellant pleaded true to the allegations in the State's motion. The trial court found that appellant violated the terms of his probation and revoked his probation.

## RIGHT TO COUNSEL

In his sole point of error, appellant contends that the trial court violated his right to counsel by substituting appointed counsel at a critical stage of the proceeding.[1] Specifically, appellant argues that it was improper for one court-appointed attorney to represent appellant when he entered his original plea of guilty and another court-appointed attorney to represent him at the probation revocation hearing.

### 1. Applicable Law

■ Article 26.04(a) of the code of criminal procedure provides:

> Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.

TEX.CODE CRIM.PROC.ANN. art. 26.04(a) (Vernon 1989). Thus, article 26.04(a) authorizes a trial court to relieve an appointed attorney of his duties under some circumstances. *Id.*;

*Buntion v. Harmon,* 827 S.W.2d 945, 948 (Tex.Crim.App.1992) (orig.proceeding). Such authority, however, is limited by the federal and state constitutions, which protect the attorney-client relationship. *Buntion,* 827 S.W.2d at 948; *Stearnes v. Clinton,* 780 S.W.2d 216, 225 (Tex.Crim.App.1989) (orig.proceeding).

■ A trial court has no discretion to replace *sua sponte* a defendant's court-appointed trial lawyer with another attorney for the appeal over the objection of both the trial lawyer and defendant if the court's only justification for such replacement is its personal practice, experience, feelings, or preference. *Buntion,* 827 S.W.2d at 949; *see also Stotts v. Wisser,* 894 S.W.2d 366, 367 (Tex. Crim.App.1995) (orig.proceeding); *Stearnes,* 780 S.W.2d at 223 (holding that trial court abused its discretion by replacing court-appointed counsel during trial over counsel's and defendant's objections). To replace a court-appointed attorney during trial, the trial court must have some principled reason to justify the replacement of appointed counsel. *Buntion,* 827 S.W.2d at 949.

■ *Buntion,* however, does not apply if a trial court merely substitutes a court-appointed attorney to represent a defendant at a particular hearing, the defendant agrees to the substitution, and the original attorney of record does not object. *See Roberson v. State,* 879 S.W.2d 250, 252 (Tex.App.—Dallas 1994, no pet.). Furthermore, if a defendant is displeased with his appointed counsel at any stage of the proceeding, he must bring the matter to the court's attention. *See Malcom v. State,* 628 S.W.2d 790, 791 (Tex.Crim. App.1982); *Webb v. State,* 533 S.W.2d 780, 784 (Tex.Crim.App.1976).

### 2. Application of Law to Facts

■ Bill Roberts represented appellant at his original plea of guilty, but Holland represented appellant at the hearing on this pro-

---

1. The record does not show that the trial court appointed an attorney to represent appellant at this probation revocation hearing. However, because the State does not contradict appellant's assertion that a different attorney was appointed to represent appellant on his probation revocation, we accept as correct that the trial court appointed Mark Holland to represent appellant at his probation revocation. *See* TEX.R.APP.P. 74(f).

bation revocation.[2] The record is silent on why Holland, and not Roberts, represented appellant at this hearing. Nor does the record reflect whether appellant agreed to Holland's appointment, appellant objected to or complained about Holland's appointment, or the trial court terminated the attorney-client relationship between appellant and Roberts. The record indicates only that Holland represented appellant at his probation revocation and Roberts represented appellant at the entry of the original guilty plea in this cause. Although the record does not affirmatively show that appellant agreed to the "substitution" of Holland for Roberts, neither does the record show that he objected to the "substitution." Because neither appellant nor Roberts objected to the trial court appointing Holland to represent appellant at his probation revocation, appellant waived any complaint. *See* TEX.R.APP.P. 52(a). We hold that *Buntion* does not apply to this case. We overrule appellant's sole point of error.

We affirm the trial court's order revoking probation.

**2.** Holland also represented appellant on two other adjudication hearings at the same time. This Court affirmed the trial court's judgments in both cause numbers 05–92–02084–CR and 05–92–02086–CR in a separate opinion.