NO. 07-01-0066-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 24, 2001



______________________________




CARLOS MATA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF HALE COUNTY;



NO. A13917-0012; HONORABLE JACK R. MILLER, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Pending before this Court is appellant's pro se "Motion for Leave of Court to Permit
the Filing of Motion to Dismiss Appeal Attorney and in Alternative that New Appeal
Attorney be Appointed" that is styled to the Seventh District of Texas. (1) By order of the trial
court, Kregg Hukill was appointed to defend appellant for unlawful possession of a firearm. 
After appellant was convicted and sentenced to eight years confinement and a fine of
$10,000, Mr. Hukill filed a notice of appeal. On July 25, 2001, Mr. Hukill also filed
appellant's brief. Based on the rationale expressed herein, we overrule appellant's pro se
motion.

 Article 26.04(a) of the Texas Code of Criminal Procedure Annotated (Vernon 1989)
provides in part that when the trial court determines that a defendant charged with a felony
is indigent, the court shall appoint one or more practicing attorneys to defend him. "An
attorney appointed under this subsection shall represent the defendant until . . . the
attorney is relieved of his duties by the court or replaced by other counsel." Id. The
Legislature has given the trial court the responsibility for appointing counsel to represent
indigent defendants as well as the authority to relieve or replace counsel. See Enriquez
v. State, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.); see also Springer v. State,
940 S.W.2d 322, 323 (Tex.App.-Dallas 1997, no pet.). If a defendant is not satisfied with
his appointed counsel, he must bring the matter to the trial court's attention. Malcom v.
State, 628 S.W.2d 790, 791 (Tex.Cr.App. 1982). Thereafter, he carries the burden of
proving that he is entitled to a change of counsel. Id. 

 Rule 25.2(e) of the Texas Rules of Appellate Procedure provides that once the
appellate record has been filed all further proceedings in the trial court are suspended until
mandate is issued. However, Rule 25.2(e) provides an exception where provided by law
or the Rules of Appellate Procedure. In Enriquez, the court held that article 26.04(a)
provides a statutory exception to Rule 25.2(e), and thus, there is no time limitation during
which the trial court has authority to appoint or substitute counsel as long as the change
in counsel does not prejudice the defendant's rights. 999 S.W.2d at 908. 

 Accordingly, appellant's motion for leave of court is overruled.

 Per Curiam

Do not publish.

1. Appellant also filed a "Motion to Dismiss Appeal Attorney and in Alternative that
New Appeal Attorney be Appointed" that is styled to the 64th District Court of Hale County.


ore and commenced operations. In April 2000, after
appellees learned that the loan company would not allow appellants to assume the
$600,000 loan, instead of concluding the sale, appellees proposed that appellants lease
the property for 20 years with an option to purchase the property upon expiration of the
lease; however, appellants declined to proceed on a lease/option basis. Appellees filed
the underlying suit in May 2000. 

Standard of Review


 Because the trial court did not make any findings of fact, the judgment of the trial
court implies all necessary findings to support it. IKB Industries v. Pro-Line Corp., 938
S.W.2d 440, 445 (Tex. 1997). However, where, as here, a reporter's record is a part of the
record, the legal and factual sufficiency of the implied findings may be challenged on
appeal the same as jury findings or a trial court's findings of fact. Roberson v. Robinson,
768 S.W.2d 280, 281 (Tex. 1989). The applicable standard of review is the same as that
applied in the review of jury findings or a trial court's findings of fact. Id. When implied
findings by the trial court are supported by the evidence, the appellate court must uphold
the judgment on any theory of law applicable to the case. Worford v. Stamper, 801 S.W.2d
108, 109 (Tex. 1990). 

 By their second issue, appellants contend there is no evidence they breached the
contract of sale. We agree. In considering this issue, we must first determine whether the
minds of the parties met and the terms of the alleged contract. A contract for sale of real
estate must be (1) in writing and (2) signed by the parties. See Tex. Bus. & Com. Code
Ann. § 26.01(a) & (b)(4). The statute also requires that the memorandum of the agreement
be complete within itself in every material detail and contain all essential elements of the
agreement so that the contract can be ascertained from the writings without resort to oral
testimony. Crowder v. Tri-C Resources, Inc., 821 S.W.2d 393, 396 (Tex.App.--Houston
[1st Dist.] 1991, no writ). The legal description must be furnished with the original writing
itself or by reference to some other existing writing. Boddy v. Gray, 497 S.W.2d 600, 603
(Tex.Civ.App.--Amarillo 1973, writ ref'd n.r.e.). Moreover, in order to be enforceable, the
contract must be sufficiently certain to enable the trial court to determine the legal
obligations of the parties. Bendalin v. Delgado, 406 S.W.2d 897, 899 (Tex. 1966). Further,
there can be no breach of contract in the absence of an enforceable contract. Lynx
Exploration and Production Co., Inc. v. 4-Sight Operating Co., 891 S.W.2d 785, 788
(Tex.App.--Texarkana 1995, writ denied). 

 As noted above, the contract does not contain a legal description of the property. 
By their second amended petition, appellees alleged that the contract "did not correctly
reflect the agreement of the parties," and by their fourth cause of action for declaratory
judgment, appellees requested that the court declare the written contract to be void. 
Finally, by their verified third amended answer to appellants' counterclaim appellees
alleged the contract was ambiguous, incorrect, incomplete, and "void for lack of adequate
consideration." Because these assertions of fact in the live pleadings were not presented
in the alternative, they are regarded as formal judicial admissions, and as such, are
conclusively established without the necessity of other evidence. See Kent v. Citizens
State Bank, 99 S.W.3d 870, 872 (Tex.App.--Beaumont 2003, pet. denied).

 To support the award of damages for breach of contract, appellees had the burden
to prove: (1) a contract existed between the parties; (2) the contract created duties; (3)
appellants breached the contract; and (4) appellees sustained damages. Bayway
Services, Inc. v. Ameri-Build Const., L.C., 106 S.W.3d 156, 160 (Tex.App.--Houston [1st
Dist.] 2003, no pet.). Considering the legal inadequacies of the written instrument prepared
without the assistance of counsel and appellees' judicial admissions, appellees presented
no evidence that the minds of the parties did effectively meet and that appellants breached
a material duty under the contract. Appellants' second issue is sustained. Our disposition
of appellants' second issue pretermits consideration of issues one and five.

 Because appellees announce on appeal that the claims of fraud and breach of
fiduciary duty are moot and appellants having prevailed on their no evidence of contract
issue, appellants would ordinarily be entitled to the rendition of judgment in their favor. 
However, following Bayway, id. at 161, it appearing that there is a probability that the case
was not fully developed, exercising our discretion, rather than render judgment, we remand
the case for further proceedings. 

 Don H. Reavis

 Justice


 

 


1. Because of the similarity of the parties' names, we will refer to Navin Patel and
Sejal Patel as appellants and Bipin Patel and Minaxi Patel as appellees.
2. The 38-paragraph writing contained provisions which, among other things, required
appellees to provide a title insurance policy, contained a provision prorating various closing
costs, required sellers to provide an itemized inventory, and a conveyance by general
warranty deed.