PETE V. STATE



NO. 07-03-0037-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 17, 2003



______________________________




HENRY PETE, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 85631; HONORABLE LARRY GIST, JUDGE



_______________________________



Before QUINN and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Upon a plea of not guilty, appellant Henry Pete was convicted by a jury of
possession of a controlled substance and punishment was assessed at confinement for
10 years. The clerk's record and reporter's record have both been filed. Appellant's brief
was due to be filed on March 24, 2003. On March 31, 2003, appellate counsel filed a
motion to withdraw in this Court asserting he discovered an irreconcilable conflict of
interest because he was trial counsel for appellant's co-defendant. The docket sheet
contained in the clerk's record reflects that appellant's trial counsel was retained. The
notice of appeal was filed by appellant, pro se. Although no formal order appointing
appellate counsel appears in the record, the docket sheet and the Notice of Filing Notice
of Appeal reflect that Kevin S. Laine was appointed to represent appellant. The trial court
has the responsibility for appointing counsel to represent indigent defendants, as well as
the authority to relieve or replace counsel. See Enriquez v. State, 999 S.W.2d 906, 907
(Tex.App.-Waco 1999, no pet.); see also Springer v. State, 940 S.W.2d 322, 323
(Tex.App.-Dallas 1997, no pet.). Further, the trial court retains authority to appoint or
substitute counsel even after the appellate record has been filed. Enriquez, 999 S.W.2d
at 908. 

 Therefore, in the interest of judicial economy we now abate this appeal and remand
the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of
the Texas Rules of Appellate Procedure. Upon remand the trial court shall immediately
cause notice of a hearing to be given and, thereafter conduct a hearing to determine the
following:

 1. whether to grant appellate counsel's motion to withdraw; and if so

 2. whether appellant desires to prosecute the appeal and is indigent and
entitled to new appointed counsel.


The trial court shall cause the hearing to be transcribed. Should it be determined that
appellant desires to continue the appeal, then the trial court shall also take such measures
as may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of new counsel. If new counsel is appointed, the name,
address, telephone number, and state bar number of said counsel shall be included in the
order appointing new counsel. Finally, the trial court shall execute findings of fact,
conclusions of law, and such orders as the court may enter regarding the aforementioned
issues, and cause its findings and conclusions to be included in a supplemental clerk's
record. A supplemental record of the hearing shall also be included in the appellate
record. Finally, the trial court shall file the supplemental clerk's record and the
supplemental reporter's record with the Clerk of this Court by Monday, June 2, 2003.

 It is so ordered.


 Per Curiam



Do not publish. 

 



te the
appeal; 

 2. whether appellant is still indigent and entitled to
appointed counsel; 

 3. whether counsel for appellant has abandoned the
appeal; and 

 4. whether appellant has been denied effective
assistance of counsel given his attorney's failure to
file a brief. 

 

If the trial court finds that the appellant is still indigent, the
trial court shall take such measures as may be necessary to assure
effective representation of counsel, which may include the
appointment of new counsel. Accord Tex. R. App. P. 38.8(b) (2) &
(3). If the trial court appoints counsel for appellant, the judge
shall state the name, address, and state bar number of said counsel
in the court's findings. Moreover, the court shall further order
appellant's counsel or appointed counsel to file appellant's brief
no later than thirty (30) days after the date of the abatement
hearing. 

 Upon remand, the judge of the trial court shall immediately
cause notice to be given of, and shall conduct a hearing in
accordance with provisions of Rule 38.8(b), supra, to determine the
matters stated therein and enumerated above. After the hearing,
the trial court shall cause the preparation of a supplemental
clerk's record containing the court's findings of fact, conclusions
of law, and such orders as the court may make and sign. Then the
trial court shall cause the supplemental clerk's record and the
reporter's record made at the hearing to be submitted to this Court
not later than August 31, 1998.

 It is so ordered.

 Per Curiam


Do not publish. Tex. R. App. P. 44.4.