NO. 07-03-0037-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 17, 2003

_____

HENRY PETE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;

NO. 85631; HONORABLE LARRY GIST, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Upon a plea of not guilty, appellant Henry Pete was convicted by a jury of possession of a controlled substance and punishment was assessed at confinement for 10 years. The clerk's record and reporter's record have both been filed. Appellant's brief was due to be filed on March 24, 2003. On March 31, 2003, appellate counsel filed a

motion to withdraw in this Court asserting he discovered an irreconcilable conflict of interest because he was trial counsel for appellant's co-defendant. The docket sheet contained in the clerk's record reflects that appellant's trial counsel was retained. The notice of appeal was filed by appellant, *pro se*. Although no formal order appointing appellate counsel appears in the record, the docket sheet and the Notice of Filing Notice of Appeal reflect that Kevin S. Laine was appointed to represent appellant. The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel. *See* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.); *see also* Springer v. State, 940 S.W.2d 322, 323 (Tex.App.–Dallas 1997, no pet.). Further, the trial court retains authority to appoint or substitute counsel even after the appellate record has been filed. *Enriquez*, 999 S.W.2d at 908.

Therefore, in the interest of judicial economy we now abate this appeal and remand the cause to the trial court for further proceedings pursuant to Rule 38.8(b)(2) and (3) of the Texas Rules of Appellate Procedure. Upon remand the trial court shall immediately cause notice of a hearing to be given and, thereafter conduct a hearing to determine the following:

1. whether to grant appellate counsel's motion to withdraw; and if so
2. whether appellant desires to prosecute the appeal and is indigent and entitled to new appointed counsel.

2

The trial court shall cause the hearing to be transcribed. Should it be determined that appellant desires to continue the appeal, then the trial court shall also take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of new counsel. If new counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing new counsel. Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Monday, June 2, 2003.

It is so ordered.

Per Curiam

Do not publish.

3