NO. 07-03-0213-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 10, 2003



______________________________




CHAD STUART JONES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF MONTGOMERY COUNTY;



NO. 02-177738; HONORABLE JERRY WINFREE, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

ABATEMENT AND REMAND


 Following his conviction for driving while intoxicated, appellant Chad Stuart Jones
perfected this appeal. Pending before this Court is trial counsel's motion to withdraw by
which Joseph J. LaBella indicates he was retained to represent appellant during trial. He
further contends appellant is now indigent and requests that this Court appoint counsel to
represent him on appeal.

 The trial court has the responsibility for appointing counsel to represent indigent
defendants, as well as the authority to relieve or replace counsel. See Enriquez v. State,
999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.); see also Springer v. State, 940
S.W.2d 322, 323 (Tex.App.-Dallas 1997, no pet.). Therefore, we now abate the appeal
and remand the cause to the trial court for further proceedings. Upon remand the trial
court shall immediately cause notice to be given and, thereafter conduct a hearing to
determine the following:

 1. whether to grant Joseph J. LaBella's motion to withdraw; 

 2. whether appellant desires to prosecute this appeal; and, if so,

 3. whether appellant is indigent and entitled to appointed counsel to
prosecute this appeal.


 The trial court shall cause the hearing to be transcribed. Should it be determined
that appellant desires to continue the appeal, the trial court shall take such measures as
may be necessary to assure appellant effective assistance of counsel, which measures
may include the appointment of counsel. If counsel is appointed, the name, address,
telephone number, and state bar number of said counsel shall be included in the order
appointing counsel. Finally, the trial court shall execute findings of fact, conclusions of
law, and such orders as the court may enter regarding the aforementioned issues, and
cause its findings and conclusions to be included in a supplemental clerk's record. A
supplemental record of the hearing shall also be included in the appellate record. Finally,
the trial court shall file the supplemental clerk's record and the supplemental reporter's
record with the Clerk of this Court by Friday, July 25, 2003.

 It is so ordered.


 Per Curiam



Do not publish. 

 



t shall
cause the supplemental records to be filed with the clerk of this court on or before February
26, 2007. Should additional time be needed to perform these tasks, the trial court may
request same on or before February 26, 2007.

 It is so ordered. 


 Per Curiam

1. The court reporter has graciously offered to prepare the reporter's record upon a
request from this Court. Without knowing whether appellant wishes to continue his appeal,
we must decline the reporter's invitation.