NO. 07-03-0213-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 10, 2003

_____

CHAD STUART JONES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 2 OF MONTGOMERY COUNTY;

NO. 02-177738; HONORABLE JERRY WINFREE, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**ABATEMENT AND REMAND**

Following his conviction for driving while intoxicated, appellant Chad Stuart Jones perfected this appeal. Pending before this Court is trial counsel's motion to withdraw by which Joseph J. LaBella indicates he was retained to represent appellant during trial. He

further contends appellant is now indigent and requests that this Court appoint counsel to represent him on appeal.

The trial court has the responsibility for appointing counsel to represent indigent defendants, as well as the authority to relieve or replace counsel.  *See* Enriquez v. State, 999 S.W.2d 906, 907 (Tex.App.–Waco 1999, no pet.); *see also* Springer v. State, 940 S.W.2d 322, 323 (Tex.App.–Dallas 1997, no pet.).  Therefore, we now abate the appeal and remand the cause to the trial court for further proceedings.  Upon remand the trial court shall immediately cause notice to be given and, thereafter conduct a hearing to determine the following:

1. whether to grant Joseph J. LaBella's motion to withdraw;
2. whether appellant desires to prosecute this appeal; and, if so,
3. whether appellant is indigent and entitled to appointed counsel to prosecute this appeal.

The trial court shall cause the hearing to be transcribed.  Should it be determined that appellant desires to continue the appeal, the trial court shall take such measures as may be necessary to assure appellant effective assistance of counsel, which measures may include the appointment of counsel.  If counsel is appointed, the name, address, telephone number, and state bar number of said counsel shall be included in the order appointing counsel.  Finally, the trial court shall execute findings of fact, conclusions of law, and such orders as the court may enter regarding the aforementioned issues, and

2

cause its findings and conclusions to be included in a supplemental clerk's record. A supplemental record of the hearing shall also be included in the appellate record. Finally, the trial court shall file the supplemental clerk's record and the supplemental reporter's record with the Clerk of this Court by Friday, July 25, 2003.

It is so ordered.

Per Curiam

Do not publish.