NO. 07-04-0355-CR


 07-04-0356-CR


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MARCH 14, 2005



______________________________



EARL WAYNE MURPHY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;



NO. 43,300-C, 35,122-C; HONORABLE PATRICK A. PIRTLE, JUDGE


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

MEMORANDUM OPINION


 Pending before this Court are appellant's motions to dismiss his appeals. Appellant and
his attorney both have signed the document stating that appellant withdraws his notices of
appeal. Tex. R. App. P. 42.2(a). No decision of this Court having been delivered to date, we
grant the motions. Accordingly, the appeals are dismissed. No motion for rehearing will be
entertained and our mandates will issue forthwith.

 Phil Johnson

 Chief Justice

Do not publish.


 Article 26.04(a) of the Texas Code of Criminal Procedure Annotated (Vernon 1989)
provides in part that when the trial court determines that a defendant charged with a felony
is indigent, the court shall appoint one or more practicing attorneys to defend him. "An
attorney appointed under this subsection shall represent the defendant until . . . the
attorney is relieved of his duties by the court or replaced by other counsel." Id. The
Legislature has given the trial court the responsibility for appointing counsel to represent
indigent defendants as well as the authority to relieve or replace counsel. See Enriquez
v. State, 999 S.W.2d 906, 907 (Tex.App.-Waco 1999, no pet.); see also Springer v. State,
940 S.W.2d 322, 323 (Tex.App.-Dallas 1997, no pet.). If a defendant is not satisfied with
his appointed counsel, he must bring the matter to the trial court's attention. Malcom v.
State, 628 S.W.2d 790, 791 (Tex.Cr.App. 1982). Thereafter, he carries the burden of
proving that he is entitled to a change of counsel. Id. 

 Rule 25.2(e) of the Texas Rules of Appellate Procedure provides that once the
appellate record has been filed all further proceedings in the trial court are suspended until
mandate is issued. However, Rule 25.2(e) provides an exception where provided by law
or the Rules of Appellate Procedure. In Enriquez, the court held that article 26.04(a)
provides a statutory exception to Rule 25.2(e), and thus, there is no time limitation during
which the trial court has authority to appoint or substitute counsel as long as the change
in counsel does not prejudice the defendant's rights. 999 S.W.2d at 908. 

 Accordingly, appellant's motion for leave of court is overruled.

 Per Curiam

Do not publish.

1. Appellant also filed a "Motion to Dismiss Appeal Attorney and in Alternative that
New Appeal Attorney be Appointed" that is styled to the 64th District Court of Hale County.