Affirmed as Modified and Opinion filed July 20, 2006








Affirmed as Modified and Opinion filed July 20, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01213-CR

____________

 

CARLOS DEWAYNE ROGERS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 21st
District Court

Washington County, Texas

Trial Court Cause No. 14,294

 



 

O P I N I O N

Appellant, Carlos Dewayne Rogers, appeals after a judge
convicted him of the first-degree felony of injury to a child and sentenced him
to thirty years= incarceration.  In his sole point of
error, appellant contends that the trial court=s sua sponte substitution
of his appointed counsel violated his constitutional and statutory rights to
qualified appointed counsel.  We affirm the trial court=s judgment as
modified herein.








Background

On October 21, 2004, appellant was charged with causing
serious bodily injury to a child.  Appellant later requested appointed counsel,
and the trial judge appointed Conrad Day.  Day filed motions on appellant=s behalf and
represented appellant when he entered a plea of nolo contendere; thereafter,
attorney Margaret Polansky represented appellant at the punishment phase.  The
record is silent regarding the reasons for this substitution.  The trial judge
found appellant guilty and sentenced him to thirty years= incarceration. 

Substitution
of Counsel 

In his
sole point of error, appellant argues that the trial court=s substitution of appointed counsel
violated his constitutional and statutory right to qualified appointed
counsel.  Appellant has failed to preserve this issue because he did not object
at the sentencing hearing.

A trial
court has no discretion to replace a defendant=s appointed counsel sua sponte over
counsel=s and the defendant=s objection if the court=s only justification is its personal
practice, expertise, feelings, or preferences.  Stearnes v. Clinton, 780
S.W.2d 216, 225 (Tex. Crim. App. 1989);  Springer v. State, 940 S.W.2d
322, 323 (Tex. App.CDallas 1997, no pet).  This rule does not apply, however, if
a trial court merely substitutes a court-appointed attorney to represent a
defendant at a particular hearing, the defendant agrees to the substitution,
and the original attorney does not object.  Springer, 940 S.W.2d. at
323.  Furthermore, if a defendant is displeased with his appointed counsel at
any stage of the proceeding, he must bring the matter to the court=s attention.  Id.  In Springer,
the record did not reflect why one appointed attorney represented the defendant
when he pleaded guilty but a different appointed attorney represented him at
his probation hearing.  Id. at 324.  Although the record did not
demonstrate that the defendant had agreed to the substitution, it also did not
show that he had objected to it; therefore, the Fifth Court of Appeals held
that the defendant had waived any complaint regarding substitution of appointed
counsel.  Id.








Here,
the record does not reflect why one attorney represented appellant at the
pleading phase and a different attorney represented him at the sentencing
phase.  The record also is silent as to whether appellant or his original
attorney objected to the substitution.  Therefore, appellant has failed to
preserve his complaint for appellate review. See Tex. R. App. P. 33.1(a) (stating that a defendant must make a
timely and specific objection to preserve error); see also Reber v. State,
2004 WL 1175484, at *4 (Tex. App.CAmarillo May 26, 2004, pet. ref=d, untimely filed) (not designated
for publication) (holding that when a defendant withholds objection about
substitution of appointed counsel, he has waived that complaint); Bean v.
State, 1998 WL 161477, at *10 (Tex. App.CHouston [14th Dist.] 1998, no pet.)
(not designated for publication) (stating that because the defendant did not
object to substitution of appointed counsel, he failed to preserve his
complaint for appellate review).  Because appellant has failed to preserve any
complaint regarding the substitution of counsel for appellate review, we
overrule his sole point of error.  

The parties agree and our review of the record reveals
that the judgment erroneously states that appellant pleaded Aguilty@ when he
entered a plea of nolo contendere.  We therefore modify the judgment to reflect
the proper plea  See Asberry v. State, 813 S.W.2d 526, 529 (Tex.
App.CDallas 1991, pet. ref=d) (stating that  appellate courts have the power to correct and reform
a trial court=s judgment Ato
make the record speak the truth@).  We affirm
the trial court=s judgment as modified.

 

 

 

 

/s/        Adele Hedges

Chief Justice

 

 

 

 

Judgment rendered and Opinion filed
July 20, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).