## JAMES NATHAN GILREATH V. STATE.

No. 25,943. October 8, 1952.

Hon. Henry King, Judge Presiding.

No attorney for appellant of record on appeal.

*Henry Wade*, District Attorney, *Charles S. Potts* and *James K. Allen*, Assistants District Attorney, all of Dallas, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

The conviction is for attempt to commit burglary, the indictment alleging a prior conviction for burglary. The jury having found appellant guilty and to have been so previously convicted, he was sentenced to a term of four years in the penitentiary.

Police officers testified that they discovered appellant and one Donica at the front door of a Safeway Store in Dallas. Donica at the time was engaged in attempting to pry open the door while appellant was holding the screen door open and was holding a flashlight for Donica.

Appellant was arrested at the scene, and a pistol, a screw

driver and a pair of gloves were taken from him. Donica also had a pistol, an iron bar and a screwdriver, and also wore gloves according to the officers' testimony.

According to appellant's testimony, he took no part in attempting to break open the door and did not know of Donica's purpose in being there. He testified that he was passing in front of the store at the time he was arrested and it was purely a coincident that he was near his friend Donica when the officers arrived.

The jury accepted the officers' version, and appellant having admitted the former conviction alleged in the indictment, returned a verdict finding appellant guilty of the offense charged and finding that he had been so previously convicted as charged. The evidence sustains their verdict.

Error is assigned in the overruling of appellant's motion for continuance or postponement.

The motion filed January 14, 1952, alleged that appellant's attorney had been employed on January 12, 1952, and had not been afforded sufficient time to prepare for trial or to acquaint himself with the facts. It was also alleged that the attorney who had represented appellant on a former trial had withdrawn from the case. The state controverted the motion for continuance and alleged that the former counsel had notified appellant on November 26, 1951, that he would no longer represent him, and the case was then set for January 14, 1952. Appellant, who was on bail, received three weeks' notice of such setting.

It was shown in the state's controversion that the indictment was returned on March 22, 1951, and the case had been set for trial and passed at the request of appellant some ten times.

Appellant at no time prior to the date set for trial informed the court that he was unable to obtain counsel. The record reveals that appellant was represented by counsel of his choosing at the trial, the examination of the witnesses disclosing that he was familiar with and had available a transcript of the testimony of witnesses at the former trial.

Under the facts we are unable to agree that the trial court abused his discretion in overruling the motion for continuance.

The judgment is affirmed.

Opinion approved by the Court.