NO. 07-02-0488-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 26, 2004


______________________________



TIMOTHY ERNEST REBER, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 8872; HON. WILLIAM D. SMITH, PRESIDING


_______________________________



Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

 Appellant Timothy Ernest Reber challenges his conviction of possession of a
controlled substance of less than one gram. In doing so, he alleges in eight issues that 1)
the trial court erred in denying his motion for new trial, 2) the trial court erred in denying his
motion for continuance, 3) the trial court erred in admitting evidence without proof of the
chain of custody, 4) the trial court erred by forcing him to trial without ten days to prepare,
5) the trial court improperly dismissed his court appointed counsel without his consent and
without a hearing, and 6) the evidence is legally and factually insufficient to sustain the
verdict. We overrule the issues. 

Background


 Appellant originally retained Richard Todd to represent him in his defense. On May
29, 2002, appellant wrote a letter to the court expressing discontent with Todd's
representation and asking the court to appoint an attorney to represent him. On June 10,
2002, the court allowed Richard Todd to withdraw and appointed Sonja Westerfield as
counsel for appellant. On October 29, 2002, Sonja Westerfield filed a motion for
continuance alleging she needed more time to prepare for trial. The motion was denied by
written order signed on October 30, 2002. Furthermore, in that order, the trial court set the
cause for trial to begin on November 18, 2002. 

 On the sixth day of November, Westerfield filed a supplemental motion for
continuance. A hearing was held on that motion the same day. At the hearing, Westerfield
recited numerous personal problems that prevented her from being able to prepare for trial
and stated that appellant would not receive effective assistance of counsel if she did not
receive a continuance. The court denied the motion for continuance but allowed her to
withdraw, appointed David Scott to represent appellant, and announced that trial would
begin on November 18th. At the same hearing, appellant stated that he was speaking to
another attorney about representing him at trial. On the day of trial, Walt Weaver, who had
subsequently been retained by appellant, sought a continuance on the basis he had been
retained on November 12th and needed more time to prepare for trial. The court denied
the motion, and trial commenced as scheduled.

 The State presented evidence by way of the arresting officer Steven Lewis, Roy
Murphy (supervisor of the Texas Department of Public Safety Field Crime Laboratory), and
one rebuttal witness. Appellant testified in his own defense. The jury found appellant guilty
and sentenced him to 20 years imprisonment.

Issue One - Denial of Motion for New Trial 


 In his first issue, appellant complains of the trial court's denial of his request for a
new trial on the basis of newly discovered evidence. We overrule the issue.

 A new trial must be granted to an accused where material evidence favorable to him
has been discovered since trial. Tex. Code Crim. Proc. Ann. art. 40.001 (Vernon Supp.
2004). The following requirements must be met to entitle one to a new trial: 1) the newly
discovered evidence was unknown or unavailable to the movant at the time of trial, 2) the
movant's failure to discover or obtain the evidence was not due to lack of diligence, 3) the
evidence is admissible and is not merely cumulative, corroborative, collateral or
impeaching, and 4) the new evidence is probably true and will probably bring about a
different result. Keeter v. State, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002). The trial
court's ruling on a motion for new trial based on newly discovered evidence is reviewed for
an abuse of discretion. Id. at 37. 

 Appellant contends there is newly discovered evidence because, although Deputy
Lewis testified he did not call for any assistance from other officers, there were two other
officers (Bob Smith and Mark Fuentes) present at the scene prior to appellant's arrest.
There was no showing by either affidavit or testimony as to what the officers would have
stated if they had testified at trial. 

 Appellant admits that the names of the officers were disclosed to him prior to trial,
but says they were only listed as "evidence" officers. However, appellant also testified at
trial that two other officers were present prior to his arrest and that one of them was Mark
Fuentes. Thus, appellant has failed to show that the presence of these officers was
unknown to him at the time of trial. Villarreal v. State, 79 S.W.3d 806, 814 (Tex. App.-
Corpus Christi 2002, pet. ref'd) (holding that when the defendant knows of a witness and
fails to inform his attorney, the trial court does not err by overruling a motion for new trial
based on newly discovered evidence).

 Further, even if appellant had shown that the presence of these two officers was
unknown to him and his failure to discover them was not due to lack of diligence, we would
remain obligated to uphold the trial court's decision. This is so because appellant did not
provide any information as to what the officers would have testified. So, the trial court had
no basis upon which to determine whether the evidence was cumulative, corroborative,
collateral, or impeaching or if it was probably true and would have caused a different result. 
Therefore, denying the new trial on this ground was not an abuse of discretion. 

Issue Two - Motion for Continuance


 In his second issue, appellant contends the trial court erred in denying his motion
for continuance. We overrule the issue.

 A criminal action may be continued on the written motion of the defendant upon
sufficient cause shown for only so long as is necessary. Tex. Code Crim. Proc. Ann. art.
29.03 (Vernon 1989). The granting or denial of such a motion is within the discretion of the
trial court. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), cert. denied, 531
U.S. 1128, 121 S.Ct. 885, 148 L.Ed.2d 793 (2001); Heiselbetz v. State, 906 S.W.2d 500,
511 (Tex. Crim. App. 1995). To find an abuse of discretion in refusing to grant a
continuance, it must be shown that the defendant was prejudiced by his counsel's
inadequate preparation time. Heiselbetz v. State, 906 S.W.2d at 511; In re Fain, 83 S.W.3d
885, 888 (Tex. App.-Austin 2002, no pet.). 

 All motions for continuance must be sworn to by a person with personal knowledge
of the facts relied upon. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). Appellant
filed a written motion for continuance on the day of trial but no one swore to the veracity of
the allegations contained in it. A motion for continuance which is not sworn to by a person
with personal knowledge of the facts relied upon to justify the continuance preserves
nothing for appellate review. Dixon v. State, 64 S.W.3d 469, 472 (Tex. App.- Amarillo
2001, pet. ref'd) (holding that a motion for continuance not in writing and not sworn to
preserves nothing for review); Rodriguez v. State, 903 S.W.2d 405, 408 (Tex. App.-
Texarkana 1995, pet. ref'd) (holding that when a motion for continuance is not sworn to,
nothing is presented for review). Therefore, appellant has failed to preserve error. 

Issue Three - Chain of Custody


 Appellant argues in his third issue that the trial court improperly admitted into
evidence a plastic bag containing the controlled substance in question. Admitting the bag
was improper, according to appellant, because the State failed to prove the chain of
custody. We overrule the issue.

 Appellant's complaint is that Deputy Lewis failed to place an identifying mark on the
bag which contained a fungible item, i.e. a controlled substance, and then placed the bag
in an unsealed envelope which was later opened to remove the bag for testing. The
requirement of authentication or identification to render an exhibit admissible is satisfied
if the evidence is sufficient to support a finding that the matter is what its proponent claims. 
Tex. R. Evid. 901(a). Thus, the State is only required to make a showing to the trial court
that the matter in question is what it purports to be. Garner v. State, 939 S.W.2d 802, 805
(Tex. App.-Fort Worth 1997, pet. ref'd). Without evidence of tampering, questions of the
custody of a substance go to its weight and not its admissibility. Lagrone v. State, 942
S.W.2d 602, 617 (Tex. Crim. App.), cert. denied, 522 U.S. 917, 118 S. Ct. 305, 139 L.Ed.2d
235 (1997). 

 We review the trial court's admission of evidence under an abuse of discretion
standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), cert. denied, 520
U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). The trial court does not abuse its
discretion when the evidence admitted is based on a belief that a reasonable juror could
find the evidence has been authenticated or identified. Pondexter v. State, 942 S.W.2d 577,
586 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42
(1997). 

 Deputy Lewis testified that 1) he seized a plastic bag which he believed contained
drugs (State's Exhibit 2), 2) sealed it in an evidence envelope (State's Exhibit 1), 3) put it
in the trunk of his patrol car, 4) transported it to the sheriff's office, 5) removed the
substance from the envelope and performed a field test on it, 6) put the plastic bag back
in the evidence envelope upon which he wrote his name, appellant's name, the date and
time, and a description of what was contained in the envelope, and 7) secured the envelope
in an evidence locker. Roy Murphy testified that he received a sealed envelope (State's
Exhibit 3) in the mail from Deputy Lewis in which there was State's Exhibit 1 and State's
Exhibit 2, and he wrote his laboratory case number (which refers to a case involving
appellant) and initials on the plastic bag which he identified at trial. 

 Even though Deputy Lewis did not place an identifying mark on the plastic bag itself,
he did put identification upon the envelope in which the plastic bag was placed after field
testing the substance. That is sufficient to identify the evidence. See Gill v. State, 57
S.W.3d 540, 546-47 (Tex. App.-Waco 2001, no pet.) (holding that a sufficient chain of
custody was established when the officer testified he took possession of a bag and
handgun, placed them in the floorboard of his patrol car, took the items to his office, filled
out an inventory card, put the items in his filing cabinet, and delivered them the next day
to the property officer who placed them in a locked cabinet); Simmons v. State, 944 S.W.2d
11, 13 (Tex. App.-Tyler 1996, pet. ref'd) (holding the evidence established what the State
said it was when the officer testified she seized rocks of cocaine, took them to her office,
placed them in an evidence envelope, put an identification mark on the envelope, placed
it in the property room, and another officer took the envelope from the property room to the
laboratory). 

 Once the evidence establishes the chain of custody into the laboratory, any further
objection goes to the weight of the evidence. Menefee v. State, 928 S.W.2d 274, 280 (Tex.
App.-Tyler 1996, no pet.). Absent affirmative evidence of commingling or tampering,
speculative or theoretical breaches in the chain of custody do not affect admissibility. Hall
v. State, 13 S.W.3d 115, 120 (Tex. App.-Fort Worth 2000, pet. dism'd improvidently
granted); Cuba v. State, 905 S.W.2d 729, 735 (Tex. App.-Texarkana 1995, no pet.). 
Thus, the trial court did not abuse its discretion in finding the evidence to be that which the
State asserted it to be. 

Issues Four, Five, and Six - Substitution of Counsel


 Via his next three issues, which he argues together, appellant complains of the trial
court forcing his retained counsel to trial with less than ten days preparation time and the
court's dismissal of his court-appointed counsel without his permission and without a
hearing in his presence. We overrule the issues.

 Appointed counsel is entitled to ten days time to prepare for trial. Tex. Code Crim.
Proc. Ann. art.1.051(e) (Vernon Supp. 2004). However, this right does not extend to
retained counsel. Harville v. State, 591 S.W.2d 864, 869 (Tex. Crim. App. 1979); Bledsoe
v. State, 754 S.W.2d 331, 335 (Tex. App.-Houston [14th Dist.] 1988), vacated on other
grounds, 758 S.W.2d 786 (Tex. Crim. App. 1988). Further, there is no abuse of discretion
in failing to grant a motion for continuance when retained counsel is hired by a defendant
less than ten days prior to trial when the defendant has previously been represented by
counsel. See Gilreath v. State, 157 Tex. Crim. 526, 251 S.W.2d 540, 541 (1952). Appellant
had counsel (David Scott) appointed to represent him more than ten days before trial. 
Thus, even though he retained counsel only six days before trial, the trial court did not err
in requiring appellant to go to trial on the scheduled date. 

 Appellant also contends the trial court should not have removed his appointed
counsel Sonja Westerfield (without his consent or presence) and replaced her with David
Scott. It is clear that a trial judge may not discharge court-appointed counsel over the
objection of the defendant and his attorney when the removal is not justified. See Stearnes
v. Clinton, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989); Springer v. State, 940 S.W.2d
322, 323 (Tex. App.-Dallas 1997, no pet.). Here, the trial court orally pronounced its intent
to substitute court-appointed counsel at the hearing on Westerfield's motion for continuance
when she stated she could not provide effective representation without a continuance in
spite of the fact she had been appointed over four months earlier. The reporter's record
of that hearing shows appellant's presence. Not only did appellant withhold objection but
he also stated to the court that he was currently talking to another lawyer about
representation. Westerfield also did not object. Under these circumstances, appellant has
waived error as to the court's substitution of counsel. Springer v. State, 940 S.W.2d at 324
(holding because neither the defendant nor his counsel objected to the court appointing
another attorney to represent the defendant at his probation revocation hearing, the
defendant waived his complaint); Emerson v. State, 756 S.W.2d 364, 369 (Tex.
App.-Houston [14th Dist.] 1988, pet. ref'd) (holding the defendant waived any complaint
regarding the trial court's action in removing one attorney and replacing him with another
when he informed the judge he accepted the new counsel).

Issues Seven and Eight - Sufficiency of the Evidence


 Via his final two issues, appellant contests the legal and factual sufficiency of the
evidence to show he knowingly and intentionally possessed a controlled substance. We
overrule the issues.

 The applicable standards are well settled and fully discussed in Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Sims v. State, 99 S.W.3d 600 (Tex.
Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v.
State, 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the litigants to those opinions. 

 The record reveals that on November 11, 2001, appellant drove to an Allsup's store
west of Borger to buy some Sprite. Deputy Lewis had also driven to the same store to buy
a newspaper and saw appellant drive up. Lewis noticed that appellant's car did not have
a registration sticker or inspection sticker. He then approached appellant and asked for
identification. Upon receiving appellant's identification, Lewis discovered that appellant had
six outstanding traffic warrants for which he placed appellant under arrest. In his search
conducted incident to the arrest, Lewis discovered a plastic bag containing what was later
determined to be methamphetamine in appellant's wallet. The wallet was being carried on
appellant's person. Appellant testified that the items in the wallet were his except for the
methamphetamine. 

 Roy Murphy, the chemist, indicated on his report that there was a trace amount of
methamphetamine because the amount was less than what is considered a usable amount
and he normally only weighs amounts that are at least a hundreth of a gram. He estimated
there was between four and eight milligrams of methamphetamine. Murphy used about
half the substance for his test but there was still residue remaining. 

 A person commits the offense of possession of a controlled substance if he
knowingly or intentionally possesses the substance. Tex. Health & Safety Code Ann.
§481.115 (Vernon 2003). To secure a conviction for this offense, the State must prove that
the defendant exercised care, custody, or control over the drugs, was conscious of his
connection with the drugs, and knew the substance to be drugs. Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995); Park v. State, 8 S.W.3d 351, 352 (Tex. App.-
Amarillo 1999, no pet.). There is no requirement that a person possess a usable amount
to be convicted of possession of a controlled substance. Joseph v. State, 897 S.W.2d 374,
376 (Tex. Crim. App. 1995). 

 In this instance, there was testimony that the substance was visible. For example,
it was seen by the officer when he removed the baggy from appellant's wallet. However,
there is no testimony that the substance was incapable of being measured but only that the
chemist had not done so. The chemist's testimony that he estimated the weight to be
between four and eight milligrams and residue was left after testing along with the
testimony that the methamphetamine was visible and found on appellant's person in his
wallet is some evidence upon which a rational jury could conclude, beyond reasonable
doubt, that appellant possessed a controlled substance as charged. Victor v. State, 995
S.W.2d 216, 219-21 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd) (holding the evidence
was sufficient to prove knowing possession when cocaine was found in a crack pipe in the
defendant's pants pocket and it was visible and measurable even though the chemist did
not measure it); Jenkins v. State, 870 S.W.2d 626, 628 (Tex. App.-Houston [1st Dist.] 1994,
pet. ref'd) (holding the evidence was sufficient to prove knowing possession when a tube
of cocaine was found in the defendant's pants pocket, a residue was visible, and the
chemist measured the cocaine at .33 milligrams). Further, after reviewing the entire record,
we do not conclude that the verdict is clearly wrong or manifestly unjust.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam

Do not publish.



"text-align: justify; line-height: 0.416667in; margin-bottom: 0.104167in">          The Trial
          On June 18, 2008, Parks’s suit was tried before a jury. After Parks’s case-in-chief,
Hall moved for an instructed verdict on all Parks’s causes of action. The trial court granted
Hall’s motion on all Parks’s causes of action with the exception of her claim that Hall
waived the contract provision requiring Hall’s written consent to the assignment between
Johnson and Parks. 
          At Parks’s request, the trial court submitted two questions to the jury on her waiver
cause of action as follows:
QUESTION NO. 1: Do you find that Steven Johnson conveyed his interest
in the contract in question to Ronda Parks? Answer “Yes” or “No” _____
 
QUESTION NO. 2: Was Steven Johnson’s failure to obtain Joe E. Hall’s
written consent to assign the contract for deed to Ronda Parks excused? 
Answer “Yes” or “No” _____
 
          The jury answered “Yes” to both questions, Hall subsequently filed a motion for
judgment notwithstanding the verdict, and the trial court denied his motion.
          On July 25, 2008, the trial court issued its judgment. The judgment held that
Johnson’s assignment to Parks was valid; Hall waived his contractual right to require his
written consent to the assignment; and that Hall was legally responsible as seller, and
Parks was legally responsible as buyer, under the terms and conditions of the original
executory contract as if Parks had originally executed the contract.


 Finally, the trial court
ordered that Hall take nothing on his counterclaim against Parks, that each party bear their
own attorney fees, and that costs be assessed against Hall. This appeal followed.
Discussion
          Hall contends Parks offered no evidence to establish that he waived his contractual
right to require his written consent to the assignment of Johnson’s rights under the contract
to Parks. Hall also asserts that, because Parks did not sign the assignment, she was not
legally obligated to pay the indebtedness on the contract. As a result, Hall contends his
notice of default and foreclosure of the contract gave him clear title to the property through
his Trustee’s Deed. 
          I.        Standard of Review 
          In reviewing rulings on motions for directed verdicts and judgments notwithstanding
the verdict, appellate courts apply the no-evidence standard. See City of Keller v. Wilson,
168 S.W.3d 802, 823 (Tex. 2005); McGuire, Craddock, Strother & Hale, P.C. v.
Transcontinental Realty, 251 S.W.3d 890, 895 (Tex.App.–Dallas 2008, pet. denied). The
court reviews the evidence and must credit the favorable evidence if reasonable jurors
would and disregard contrary evidence unless reasonable jurors would not. City of Keller,
168 S.W.3d at 827. A challenge to the legal sufficiency of evidence will be sustained
when, among other things, the evidence offered to establish a vital fact does not exceed
a scintilla. Kroger Tex. Ltd. P’ship v. Suberu, 216 S.W.3d 788, 793 (Tex. 2006). Evidence
does not exceed a scintilla if it is “so weak as to do no more than create a mere surmise
or suspicion” that the fact exists. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex.
2004). 
          II.       Waiver
          Waiver occurs when a party either intentionally relinquishes a known right or
engages in intentional conduct inconsistent with claiming that right. Zipp Industries, Inc.
v. Ranger Ins. Co., 39 S.W.3d 658, 664 (Tex.App.–Amarillo 2001, no pet.) (citing In Re
Epic Holdings, Inc., 985 S.W.2d 41, 57 (Tex. 1998)). A party’s silence or inaction, coupled
with knowledge of the right, for such an unreasonable period of time as to indicate an
intention to waive the right, is enough to prove waiver. See Tenneco Inc. v. Enterprise
Prods. Co., 925 S.W.2d 640, 643 (Tex. 1996); Alford, Meroney & Co. v. Rowe, 619 S.W.2d
210, 213 (Tex.Civ.App.–Amarillo 1981, writ ref’d n.r.e.). And, once a right is waived, such
right is lost forever and cannot be reclaimed without the consent of the other party. Burton
v. National Bank of Commerce of Dallas, 679 S.W.2d 115, 118 (Tex.App.–Dallas 1984, no
writ). Waiver is largely a matter of intent; thus, for implied waiver to be found through a
party’s actions, intent must be clearly demonstrated by the surrounding facts and
circumstances. Continental Casing Corp. v. Siderca Corp., 38 S.W.3d 782, 789
(Tex.App.–Houston [14th Dist.] 2001, no pet.).
          A contractual provision prohibiting assignment without a grantor’s consent is a
provision for the grantor’s benefit and may be waived by the grantor. See Johnson v.
Structured Asset Services, LLC, 148 S.W.3d 711, 722 (Tex.App.–Dallas 2004, no pet.);
Twelve Oaks Tower I, Ltd. v. Premier Allergy, Inc., 938 S.W.2d 102, 112
(Tex.App.–Houston [14th Dist.] 1996, no writ). A grantee/debtor’s failure to obtain the
required consent does not render the assignment void, rather, it is voidable at the option
of the grantor. Twelve Oaks Tower I, 938 S.W.2d at 112. 
          Here, there is more than a scintilla of evidence that Hall waived his contractual right 
to require his written consent prior to Johnson’s assignment. After Johnson executed the
assignment, Parks delivered the same to Hall. She asked if she could take over Johnson’s
rights and duties under the contract and Hall acquiesced. For the next three years, Parks
paid Hall, and Hall accepted payment. During this period, Hall never exercised his rights
under the executory contract in question. In fact, at trial, Hall testified that he would have
signed an assignment from Johnson to Parks in 2003 had the assignment document been
prepared by an attorney. Thus, Hall’s silence and inaction for such an unreasonable time,
coupled with his knowledge of Parks’s interest in the contract, clearly indicated his intention
to waive his contractual right to written consent to Johnson’s assignment. See Tenneco
Inc., 925 S.W.2d at 643 (three years without complaint); Twelve Oaks Tower I, 938 S.W.2d
at 112 (waiver where lessor accepts rent without complaint). Appellant’s first issue is
overruled.

III.      Assignment
          Hall asserts that his notice of default and foreclosure on the executory contract
mailed to Johnson was sufficient to give him good title to the property by virtue of his
Trustee’s Deed. Section 5.063 of the Texas Property Code requires that a notice of default
“be delivered by registered or certified mail, return receipt requested” to the purchaser’s
residence. Tex. Prop. Code Ann. § 5.063(a), (c) (Vernon 2004). Similarly, written notice
of a foreclosure sale must be served on each debtor “by certified mail.” Tex. Prop. Code
Ann. § 51.002(b)(3) (Vernon Supp. 2008). In order for a trustee to lawfully undertake a
foreclosure on real property, he or she is required to comply with the notice requirements
set forth in the deed of trust and as prescribed by law. Stanley v. CitiFinancial Mortg. Co.,
Inc., 121 S.W.3d 811, 817 (Tex.App.–Beaumont 2003, pet. denied). 
          The record contains no evidence that the demand letter of default from Hall to
Johnson dated April 13, 2007 was either registered or certified.


 Neither does the record
contain any evidence of a letter, certified or not, posted by the trustee noticing the
foreclosure sale to either Johnson or Parks. Furthermore, Hall’s Trustee Deed indicates
there was a foreclosure sale of Johnson’s interest in the property but there is no evidence
of a foreclosure sale of Parks’s interest.


 Because Hall’s notice of default and foreclosure
was defective, we need not reach the issue of whether Parks, as assignee, had expressly
or impliedly assumed Johnson’s obligations under the original contract.


 Accordingly, Hall’s
second issue is overruled.
Conclusion
The trial court’s judgment is affirmed. 


                                                                           Patrick A. Pirtle

                                                                                 Justice