NO. 07-02-0488-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 26, 2004
_____

TIMOTHY ERNEST REBER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 84TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 8872; HON. WILLIAM D. SMITH, PRESIDING
_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

Appellant Timothy Ernest Reber challenges his conviction of possession of a controlled substance of less than one gram. In doing so, he alleges in eight issues that 1) the trial court erred in denying his motion for new trial, 2) the trial court erred in denying his motion for continuance, 3) the trial court erred in admitting evidence without proof of the chain of custody, 4) the trial court erred by forcing him to trial without ten days to prepare, 5) the trial court improperly dismissed his court appointed counsel without his consent and without a hearing, and 6) the evidence is legally and factually insufficient to sustain the verdict. We overrule the issues.

## Background

Appellant originally retained Richard Todd to represent him in his defense. On May 29, 2002, appellant wrote a letter to the court expressing discontent with Todd's representation and asking the court to appoint an attorney to represent him. On June 10, 2002, the court allowed Richard Todd to withdraw and appointed Sonja Westerfield as counsel for appellant. On October 29, 2002, Sonja Westerfield filed a motion for continuance alleging she needed more time to prepare for trial. The motion was denied by written order signed on October 30, 2002. Furthermore, in that order, the trial court set the cause for trial to begin on November 18, 2002.

On the sixth day of November, Westerfield filed a supplemental motion for continuance. A hearing was held on that motion the same day. At the hearing, Westerfield recited numerous personal problems that prevented her from being able to prepare for trial and stated that appellant would not receive effective assistance of counsel if she did not receive a continuance. The court denied the motion for continuance but allowed her to withdraw, appointed David Scott to represent appellant, and announced that trial would begin on November 18th. At the same hearing, appellant stated that he was speaking to another attorney about representing him at trial. On the day of trial, Walt Weaver, who had subsequently been retained by appellant, sought a continuance on the basis he had been retained on November 12th and needed more time to prepare for trial. The court denied the motion, and trial commenced as scheduled.

The State presented evidence by way of the arresting officer Steven Lewis, Roy Murphy (supervisor of the Texas Department of Public Safety Field Crime Laboratory), and

one rebuttal witness. Appellant testified in his own defense. The jury found appellant guilty and sentenced him to 20 years imprisonment.

### *Issue One - Denial of Motion for New Trial*

In his first issue, appellant complains of the trial court's denial of his request for a new trial on the basis of newly discovered evidence. We overrule the issue.

A new trial must be granted to an accused where material evidence favorable to him has been discovered since trial. TEX. CODE CRIM. PROC. ANN. art. 40.001 (Vernon Supp. 2004). The following requirements must be met to entitle one to a new trial: 1) the newly discovered evidence was unknown or unavailable to the movant at the time of trial, 2) the movant's failure to discover or obtain the evidence was not due to lack of diligence, 3) the evidence is admissible and is not merely cumulative, corroborative, collateral or impeaching, and 4) the new evidence is probably true and will probably bring about a different result. *Keeter v. State,* 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002). The trial court's ruling on a motion for new trial based on newly discovered evidence is reviewed for an abuse of discretion. *Id.* at 37.

Appellant contends there is newly discovered evidence because, although Deputy Lewis testified he did not call for any assistance from other officers, there were two other officers (Bob Smith and Mark Fuentes) present at the scene prior to appellant's arrest. There was no showing by either affidavit or testimony as to what the officers would have stated if they had testified at trial.

Appellant admits that the names of the officers were disclosed to him prior to trial, but says they were only listed as "evidence" officers. However, appellant also testified at trial that two other officers were present prior to his arrest and that one of them was Mark

3

Fuentes. Thus, appellant has failed to show that the presence of these officers was unknown to him at the time of trial. *Villarreal v. State,* 79 S.W.3d 806, 814 (Tex. App.–Corpus Christi 2002, pet. ref'd) (holding that when the defendant knows of a witness and fails to inform his attorney, the trial court does not err by overruling a motion for new trial based on newly discovered evidence).

Further, even if appellant had shown that the presence of these two officers was unknown to him and his failure to discover them was not due to lack of diligence, we would remain obligated to uphold the trial court's decision. This is so because appellant did not provide any information as to what the officers would have testified. So, the trial court had no basis upon which to determine whether the evidence was cumulative, corroborative, collateral, or impeaching or if it was probably true and would have caused a different result. Therefore, denying the new trial on this ground was not an abuse of discretion.

### Issue Two - Motion for Continuance

In his second issue, appellant contends the trial court erred in denying his motion for continuance. We overrule the issue.

A criminal action may be continued on the written motion of the defendant upon sufficient cause shown for only so long as is necessary. TEX. CODE CRIM. PROC. ANN. art. 29.03 (Vernon 1989). The granting or denial of such a motion is within the discretion of the trial court. *Wright v. State,* 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), *cert. denied,* 531 U.S. 1128, 121 S.Ct. 885, 148 L.Ed.2d 793 (2001); *Heiselbetz v. State,* 906 S.W.2d 500, 511 (Tex. Crim. App. 1995). To find an abuse of discretion in refusing to grant a continuance, it must be shown that the defendant was prejudiced by his counsel's

4

inadequate preparation time. *Heiselbetz v. State,* 906 S.W.2d at 511; *In re Fain,* 83 S.W.3d 885, 888 (Tex. App.–Austin 2002, no pet.).

All motions for continuance must be sworn to by a person with personal knowledge of the facts relied upon. TEX. CODE CRIM. PROC. ANN. art. 29.08 (Vernon 1989). Appellant filed a written motion for continuance on the day of trial but no one swore to the veracity of the allegations contained in it. A motion for continuance which is not sworn to by a person with personal knowledge of the facts relied upon to justify the continuance preserves nothing for appellate review. *Dixon v. State,* 64 S.W.3d 469, 472 (Tex. App.– Amarillo 2001, pet. ref'd) (holding that a motion for continuance not in writing and not sworn to preserves nothing for review); *Rodriguez v. State,* 903 S.W.2d 405, 408 (Tex. App.– Texarkana 1995, pet. ref'd) (holding that when a motion for continuance is not sworn to, nothing is presented for review). Therefore, appellant has failed to preserve error.

### Issue Three - Chain of Custody

Appellant argues in his third issue that the trial court improperly admitted into evidence a plastic bag containing the controlled substance in question. Admitting the bag was improper, according to appellant, because the State failed to prove the chain of custody. We overrule the issue.

Appellant's complaint is that Deputy Lewis failed to place an identifying mark on the bag which contained a fungible item, *i.e.* a controlled substance, and then placed the bag in an unsealed envelope which was later opened to remove the bag for testing. The requirement of authentication or identification to render an exhibit admissible is satisfied if the evidence is sufficient to support a finding that the matter is what its proponent claims. TEX. R. EVID. 901(a). Thus, the State is only required to make a showing to the trial court

5

that the matter in question is what it purports to be. *Garner v. State,* 939 S.W.2d 802, 805 (Tex. App.–Fort Worth 1997, pet. ref'd). Without evidence of tampering, questions of the custody of a substance go to its weight and not its admissibility. *Lagrone v. State,* 942 S.W.2d 602, 617 (Tex. Crim. App.), *cert. denied,* 522 U.S. 917, 118 S. Ct. 305, 139 L.Ed.2d 235 (1997).

We review the trial court's admission of evidence under an abuse of discretion standard. *Green v. State,* 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), *cert. denied,* 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). The trial court does not abuse its discretion when the evidence admitted is based on a belief that a reasonable juror could find the evidence has been authenticated or identified. *Pondexter v. State,* 942 S.W.2d 577, 586 (Tex. Crim. App. 1996), *cert. denied,* 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42 (1997).

Deputy Lewis testified that 1) he seized a plastic bag which he believed contained drugs (State's Exhibit 2), 2) sealed it in an evidence envelope (State's Exhibit 1), 3) put it in the trunk of his patrol car, 4) transported it to the sheriff's office, 5) removed the substance from the envelope and performed a field test on it, 6) put the plastic bag back in the evidence envelope upon which he wrote his name, appellant's name, the date and time, and a description of what was contained in the envelope, and 7) secured the envelope in an evidence locker. Roy Murphy testified that he received a sealed envelope (State's Exhibit 3) in the mail from Deputy Lewis in which there was State's Exhibit 1 and State's Exhibit 2, and he wrote his laboratory case number (which refers to a case involving appellant) and initials on the plastic bag which he identified at trial.

Even though Deputy Lewis did not place an identifying mark on the plastic bag itself, he did put identification upon the envelope in which the plastic bag was placed after field testing the substance. That is sufficient to identify the evidence. *See Gill v. State,* 57 S.W.3d 540, 546-47 (Tex. App.–Waco 2001, no pet.) (holding that a sufficient chain of custody was established when the officer testified he took possession of a bag and handgun, placed them in the floorboard of his patrol car, took the items to his office, filled out an inventory card, put the items in his filing cabinet, and delivered them the next day to the property officer who placed them in a locked cabinet); *Simmons v. State,* 944 S.W.2d 11, 13 (Tex. App.–Tyler 1996, pet. ref'd) (holding the evidence established what the State said it was when the officer testified she seized rocks of cocaine, took them to her office, placed them in an evidence envelope, put an identification mark on the envelope, placed it in the property room, and another officer took the envelope from the property room to the laboratory).

Once the evidence establishes the chain of custody into the laboratory, any further objection goes to the weight of the evidence. *Menefee v. State,* 928 S.W.2d 274, 280 (Tex. App.–Tyler 1996, no pet.). Absent affirmative evidence of commingling or tampering, speculative or theoretical breaches in the chain of custody do not affect admissibility. *Hall v. State,* 13 S.W.3d 115, 120 (Tex. App.–Fort Worth 2000, pet. dism'd improvidently granted); *Cuba v. State,* 905 S.W.2d 729, 735 (Tex. App.–Texarkana 1995, no pet.). Thus, the trial court did not abuse its discretion in finding the evidence to be that which the State asserted it to be.

### *Issues Four, Five, and Six - Substitution of Counsel*

Via his next three issues, which he argues together, appellant complains of the trial court forcing his retained counsel to trial with less than ten days preparation time and the court's dismissal of his court-appointed counsel without his permission and without a hearing in his presence. We overrule the issues.

Appointed counsel is entitled to ten days time to prepare for trial. TEX. CODE CRIM. PROC. ANN. art.1.051(e) (Vernon Supp. 2004). However, this right does not extend to retained counsel. *Harville v. State,* 591 S.W.2d 864, 869 (Tex. Crim. App. 1979); *Bledsoe v. State,* 754 S.W.2d 331, 335 (Tex. App.–Houston [14th Dist.] 1988), *vacated on other grounds,* 758 S.W.2d 786 (Tex. Crim. App. 1988). Further, there is no abuse of discretion in failing to grant a motion for continuance when retained counsel is hired by a defendant less than ten days prior to trial when the defendant has previously been represented by counsel. *See Gilreath v. State,* 157 Tex. Crim. 526, 251 S.W.2d 540, 541 (1952). Appellant had counsel (David Scott) appointed to represent him more than ten days before trial. Thus, even though he retained counsel only six days before trial, the trial court did not err in requiring appellant to go to trial on the scheduled date.

Appellant also contends the trial court should not have removed his appointed counsel Sonja Westerfield (without his consent or presence) and replaced her with David Scott. It is clear that a trial judge may not discharge court-appointed counsel over the objection of the defendant and his attorney when the removal is not justified. *See Stearnes v. Clinton,* 780 S.W.2d 216, 221 (Tex. Crim. App. 1989); *Springer v. State,* 940 S.W.2d 322, 323 (Tex. App.–Dallas 1997, no pet.). Here, the trial court orally pronounced its intent to substitute court-appointed counsel at the hearing on Westerfield's motion for continuance when she stated she could not provide effective representation without a continuance in

8

spite of the fact she had been appointed over four months earlier. The reporter's record of that hearing shows appellant's presence. Not only did appellant withhold objection but he also stated to the court that he was currently talking to another lawyer about representation. Westerfield also did not object. Under these circumstances, appellant has waived error as to the court's substitution of counsel. *Springer v. State,* 940 S.W.2d at 324 (holding because neither the defendant nor his counsel objected to the court appointing another attorney to represent the defendant at his probation revocation hearing, the defendant waived his complaint); *Emerson v. State,* 756 S.W.2d 364, 369 (Tex. App.–Houston [14ᵗʰ Dist.] 1988, pet. ref'd) (holding the defendant waived any complaint regarding the trial court's action in removing one attorney and replacing him with another when he informed the judge he accepted the new counsel).

### *Issues Seven and Eight - Sufficiency of the Evidence*

Via his final two issues, appellant contests the legal and factual sufficiency of the evidence to show he knowingly and intentionally possessed a controlled substance. We overrule the issues.

The applicable standards are well settled and fully discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003), *Zuliani v. State,* 97 S.W.3d 589 (Tex. Crim. App. 2003), and *King v. State,* 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the litigants to those opinions.

The record reveals that on November 11, 2001, appellant drove to an Allsup's store west of Borger to buy some Sprite. Deputy Lewis had also driven to the same store to buy a newspaper and saw appellant drive up. Lewis noticed that appellant's car did not have a registration sticker or inspection sticker. He then approached appellant and asked for

9

identification. Upon receiving appellant's identification, Lewis discovered that appellant had six outstanding traffic warrants for which he placed appellant under arrest. In his search conducted incident to the arrest, Lewis discovered a plastic bag containing what was later determined to be methamphetamine in appellant's wallet. The wallet was being carried on appellant's person. Appellant testified that the items in the wallet were his except for the methamphetamine.

Roy Murphy, the chemist, indicated on his report that there was a trace amount of methamphetamine because the amount was less than what is considered a usable amount and he normally only weighs amounts that are at least a hundreth of a gram. He estimated there was between four and eight milligrams of methamphetamine. Murphy used about half the substance for his test but there was still residue remaining.

A person commits the offense of possession of a controlled substance if he knowingly or intentionally possesses the substance. TEX. HEALTH & SAFETY CODE ANN. §481.115 (Vernon 2003). To secure a conviction for this offense, the State must prove that the defendant exercised care, custody, or control over the drugs, was conscious of his connection with the drugs, and knew the substance to be drugs. *Brown v. State,* 911 S.W.2d 744, 747 (Tex. Crim. App. 1995); *Park v. State,* 8 S.W.3d 351, 352 (Tex. App.– Amarillo 1999, no pet.). There is no requirement that a person possess a usable amount to be convicted of possession of a controlled substance. *Joseph v. State,* 897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

In this instance, there was testimony that the substance was visible. For example, it was seen by the officer when he removed the baggy from appellant's wallet. However, there is no testimony that the substance was incapable of being measured but only that the

chemist had not done so. The chemist's testimony that he estimated the weight to be between four and eight milligrams and residue was left after testing along with the testimony that the methamphetamine was visible and found on appellant's person in his wallet is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant possessed a controlled substance as charged. *Victor v. State,* 995 S.W.2d 216, 219-21 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd) (holding the evidence was sufficient to prove knowing possession when cocaine was found in a crack pipe in the defendant's pants pocket and it was visible and measurable even though the chemist did not measure it); *Jenkins v. State,* 870 S.W.2d 626, 628 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd) (holding the evidence was sufficient to prove knowing possession when a tube of cocaine was found in the defendant's pants pocket, a residue was visible, and the chemist measured the cocaine at .33 milligrams). Further, after reviewing the entire record, we do not conclude that the verdict is clearly wrong or manifestly unjust.

Accordingly, the judgment of the trial court is affirmed.


Per Curiam

Do not publish.

11