NO. 07-05-0371-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



AUGUST 30, 2006


______________________________



LAQUANNA LASHAE MEANDER, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 49,934-D; HONORABLE DON EMERSON, JUDGE


_______________________________




Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant LaQuanna LaShae Meander appeals the revocation of her community
supervision and accompanying sentence of five years confinement in the Institutional
Division of the Texas Department of Criminal Justice. We will affirm the trial court's
judgment and grant counsel's motion to withdraw.

 Appellant was indicted for the offense of possession of a controlled substance. On
December 16, 2004, appellant entered a plea of guilty to the offense. In accordance with
the negotiated plea bargain, the trial court sentenced appellant to five years imprisonment
suspended for five years of community supervision, a $1,000 fine, and $140.00 in
restitution.

 On July 7, 2005, the State filed its Motion to Revoke Order for Community
Supervision. Among other violations, the motion alleged appellant intentionally and
knowingly possessed a controlled substance on or about December 17, 2004, the day
following appellant's placement on community supervision. On September 30, 2005,
appellant entered her plea of true to the allegations in the Motion to Revoke Order for
Community Supervision. At the conclusion of the September 30, 2005 hearing, the trial
court found appellant had violated the conditions of her community supervision and
revoked it. The court ordered her to serve the original sentence imposed on her conviction.

 Appellant's counsel has filed a brief stating that he has carefully reviewed the record
in this case and concludes there is no reversible error and that the appeal is frivolous. See
Anders v. California, 386 U.S. 738, 744-45 (1967). Counsel has also filed a motion to
withdraw and, by letter, informed appellant of her right to file a pro se brief. Johnson v.
State, 885 S.W.2d 641, 646 (Tex.App.-Waco 1994, pet. ref'd). By letter dated April 19,
2006, this court also notified appellant of her opportunity to submit a response to the
Anders brief and motion to withdraw filed by her counsel, granting her until May 19, 2006
to do so. This court's letter also reminded appellant to contact her counsel if she needed
to review any part of the appellate record to prepare a response. Appellant has not filed
a brief or other response. 

 We have independently examined the entire record to determine whether there are
any non-frivolous grounds which might support the appeal. (1) See Penson v. Ohio, 488 U.S.
75 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991). We have found
no such grounds. After reviewing the record before us and counsel's brief, we agree with
counsel that the appeal is frivolous. See Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).

 Accordingly, counsel's motion to withdraw is granted and the trial court's judgment
is affirmed.


 James T. Campbell

 Justice




Do not publish. 

1. Counsel's brief addressed appellant's December 2004 guilty plea proceeding. Our
review is limited, though, to any issues related to revocation of appellant's community
supervision. Manuel v. State, 994 S.W.2d 658, 661-62 (Tex.Crim.App. 1999).


e, 3) the
evidence is admissible and is not merely cumulative, corroborative, collateral or
impeaching, and 4) the new evidence is probably true and will probably bring about a
different result. Keeter v. State, 74 S.W.3d 31, 36-37 (Tex. Crim. App. 2002). The trial
court's ruling on a motion for new trial based on newly discovered evidence is reviewed for
an abuse of discretion. Id. at 37. 

 Appellant contends there is newly discovered evidence because, although Deputy
Lewis testified he did not call for any assistance from other officers, there were two other
officers (Bob Smith and Mark Fuentes) present at the scene prior to appellant's arrest.
There was no showing by either affidavit or testimony as to what the officers would have
stated if they had testified at trial. 

 Appellant admits that the names of the officers were disclosed to him prior to trial,
but says they were only listed as "evidence" officers. However, appellant also testified at
trial that two other officers were present prior to his arrest and that one of them was Mark
Fuentes. Thus, appellant has failed to show that the presence of these officers was
unknown to him at the time of trial. Villarreal v. State, 79 S.W.3d 806, 814 (Tex. App.-
Corpus Christi 2002, pet. ref'd) (holding that when the defendant knows of a witness and
fails to inform his attorney, the trial court does not err by overruling a motion for new trial
based on newly discovered evidence).

 Further, even if appellant had shown that the presence of these two officers was
unknown to him and his failure to discover them was not due to lack of diligence, we would
remain obligated to uphold the trial court's decision. This is so because appellant did not
provide any information as to what the officers would have testified. So, the trial court had
no basis upon which to determine whether the evidence was cumulative, corroborative,
collateral, or impeaching or if it was probably true and would have caused a different result. 
Therefore, denying the new trial on this ground was not an abuse of discretion. 

Issue Two - Motion for Continuance


 In his second issue, appellant contends the trial court erred in denying his motion
for continuance. We overrule the issue.

 A criminal action may be continued on the written motion of the defendant upon
sufficient cause shown for only so long as is necessary. Tex. Code Crim. Proc. Ann. art.
29.03 (Vernon 1989). The granting or denial of such a motion is within the discretion of the
trial court. Wright v. State, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), cert. denied, 531
U.S. 1128, 121 S.Ct. 885, 148 L.Ed.2d 793 (2001); Heiselbetz v. State, 906 S.W.2d 500,
511 (Tex. Crim. App. 1995). To find an abuse of discretion in refusing to grant a
continuance, it must be shown that the defendant was prejudiced by his counsel's
inadequate preparation time. Heiselbetz v. State, 906 S.W.2d at 511; In re Fain, 83 S.W.3d
885, 888 (Tex. App.-Austin 2002, no pet.). 

 All motions for continuance must be sworn to by a person with personal knowledge
of the facts relied upon. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). Appellant
filed a written motion for continuance on the day of trial but no one swore to the veracity of
the allegations contained in it. A motion for continuance which is not sworn to by a person
with personal knowledge of the facts relied upon to justify the continuance preserves
nothing for appellate review. Dixon v. State, 64 S.W.3d 469, 472 (Tex. App.- Amarillo
2001, pet. ref'd) (holding that a motion for continuance not in writing and not sworn to
preserves nothing for review); Rodriguez v. State, 903 S.W.2d 405, 408 (Tex. App.-
Texarkana 1995, pet. ref'd) (holding that when a motion for continuance is not sworn to,
nothing is presented for review). Therefore, appellant has failed to preserve error. 

Issue Three - Chain of Custody


 Appellant argues in his third issue that the trial court improperly admitted into
evidence a plastic bag containing the controlled substance in question. Admitting the bag
was improper, according to appellant, because the State failed to prove the chain of
custody. We overrule the issue.

 Appellant's complaint is that Deputy Lewis failed to place an identifying mark on the
bag which contained a fungible item, i.e. a controlled substance, and then placed the bag
in an unsealed envelope which was later opened to remove the bag for testing. The
requirement of authentication or identification to render an exhibit admissible is satisfied
if the evidence is sufficient to support a finding that the matter is what its proponent claims. 
Tex. R. Evid. 901(a). Thus, the State is only required to make a showing to the trial court
that the matter in question is what it purports to be. Garner v. State, 939 S.W.2d 802, 805
(Tex. App.-Fort Worth 1997, pet. ref'd). Without evidence of tampering, questions of the
custody of a substance go to its weight and not its admissibility. Lagrone v. State, 942
S.W.2d 602, 617 (Tex. Crim. App.), cert. denied, 522 U.S. 917, 118 S. Ct. 305, 139 L.Ed.2d
235 (1997). 

 We review the trial court's admission of evidence under an abuse of discretion
standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), cert. denied, 520
U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997). The trial court does not abuse its
discretion when the evidence admitted is based on a belief that a reasonable juror could
find the evidence has been authenticated or identified. Pondexter v. State, 942 S.W.2d 577,
586 (Tex. Crim. App. 1996), cert. denied, 522 U.S. 825, 118 S.Ct. 85, 139 L.Ed.2d 42
(1997). 

 Deputy Lewis testified that 1) he seized a plastic bag which he believed contained
drugs (State's Exhibit 2), 2) sealed it in an evidence envelope (State's Exhibit 1), 3) put it
in the trunk of his patrol car, 4) transported it to the sheriff's office, 5) removed the
substance from the envelope and performed a field test on it, 6) put the plastic bag back
in the evidence envelope upon which he wrote his name, appellant's name, the date and
time, and a description of what was contained in the envelope, and 7) secured the envelope
in an evidence locker. Roy Murphy testified that he received a sealed envelope (State's
Exhibit 3) in the mail from Deputy Lewis in which there was State's Exhibit 1 and State's
Exhibit 2, and he wrote his laboratory case number (which refers to a case involving
appellant) and initials on the plastic bag which he identified at trial. 

 Even though Deputy Lewis did not place an identifying mark on the plastic bag itself,
he did put identification upon the envelope in which the plastic bag was placed after field
testing the substance. That is sufficient to identify the evidence. See Gill v. State, 57
S.W.3d 540, 546-47 (Tex. App.-Waco 2001, no pet.) (holding that a sufficient chain of
custody was established when the officer testified he took possession of a bag and
handgun, placed them in the floorboard of his patrol car, took the items to his office, filled
out an inventory card, put the items in his filing cabinet, and delivered them the next day
to the property officer who placed them in a locked cabinet); Simmons v. State, 944 S.W.2d
11, 13 (Tex. App.-Tyler 1996, pet. ref'd) (holding the evidence established what the State
said it was when the officer testified she seized rocks of cocaine, took them to her office,
placed them in an evidence envelope, put an identification mark on the envelope, placed
it in the property room, and another officer took the envelope from the property room to the
laboratory). 

 Once the evidence establishes the chain of custody into the laboratory, any further
objection goes to the weight of the evidence. Menefee v. State, 928 S.W.2d 274, 280 (Tex.
App.-Tyler 1996, no pet.). Absent affirmative evidence of commingling or tampering,
speculative or theoretical breaches in the chain of custody do not affect admissibility. Hall
v. State, 13 S.W.3d 115, 120 (Tex. App.-Fort Worth 2000, pet. dism'd improvidently
granted); Cuba v. State, 905 S.W.2d 729, 735 (Tex. App.-Texarkana 1995, no pet.). 
Thus, the trial court did not abuse its discretion in finding the evidence to be that which the
State asserted it to be. 

Issues Four, Five, and Six - Substitution of Counsel


 Via his next three issues, which he argues together, appellant complains of the trial
court forcing his retained counsel to trial with less than ten days preparation time and the
court's dismissal of his court-appointed counsel without his permission and without a
hearing in his presence. We overrule the issues.

 Appointed counsel is entitled to ten days time to prepare for trial. Tex. Code Crim.
Proc. Ann. art.1.051(e) (Vernon Supp. 2004). However, this right does not extend to
retained counsel. Harville v. State, 591 S.W.2d 864, 869 (Tex. Crim. App. 1979); Bledsoe
v. State, 754 S.W.2d 331, 335 (Tex. App.-Houston [14th Dist.] 1988), vacated on other
grounds, 758 S.W.2d 786 (Tex. Crim. App. 1988). Further, there is no abuse of discretion
in failing to grant a motion for continuance when retained counsel is hired by a defendant
less than ten days prior to trial when the defendant has previously been represented by
counsel. See Gilreath v. State, 157 Tex. Crim. 526, 251 S.W.2d 540, 541 (1952). Appellant
had counsel (David Scott) appointed to represent him more than ten days before trial. 
Thus, even though he retained counsel only six days before trial, the trial court did not err
in requiring appellant to go to trial on the scheduled date. 

 Appellant also contends the trial court should not have removed his appointed
counsel Sonja Westerfield (without his consent or presence) and replaced her with David
Scott. It is clear that a trial judge may not discharge court-appointed counsel over the
objection of the defendant and his attorney when the removal is not justified. See Stearnes
v. Clinton, 780 S.W.2d 216, 221 (Tex. Crim. App. 1989); Springer v. State, 940 S.W.2d
322, 323 (Tex. App.-Dallas 1997, no pet.). Here, the trial court orally pronounced its intent
to substitute court-appointed counsel at the hearing on Westerfield's motion for continuance
when she stated she could not provide effective representation without a continuance in
spite of the fact she had been appointed over four months earlier. The reporter's record
of that hearing shows appellant's presence. Not only did appellant withhold objection but
he also stated to the court that he was currently talking to another lawyer about
representation. Westerfield also did not object. Under these circumstances, appellant has
waived error as to the court's substitution of counsel. Springer v. State, 940 S.W.2d at 324
(holding because neither the defendant nor his counsel objected to the court appointing
another attorney to represent the defendant at his probation revocation hearing, the
defendant waived his complaint); Emerson v. State, 756 S.W.2d 364, 369 (Tex.
App.-Houston [14th Dist.] 1988, pet. ref'd) (holding the defendant waived any complaint
regarding the trial court's action in removing one attorney and replacing him with another
when he informed the judge he accepted the new counsel).

Issues Seven and Eight - Sufficiency of the Evidence


 Via his final two issues, appellant contests the legal and factual sufficiency of the
evidence to show he knowingly and intentionally possessed a controlled substance. We
overrule the issues.

 The applicable standards are well settled and fully discussed in Jackson v. Virginia,
443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), Sims v. State, 99 S.W.3d 600 (Tex.
Crim. App. 2003), Zuliani v. State, 97 S.W.3d 589 (Tex. Crim. App. 2003), and King v.
State, 29 S.W.3d 556 (Tex. Crim. App. 2000). We refer the litigants to those opinions. 

 The record reveals that on November 11, 2001, appellant drove to an Allsup's store
west of Borger to buy some Sprite. Deputy Lewis had also driven to the same store to buy
a newspaper and saw appellant drive up. Lewis noticed that appellant's car did not have
a registration sticker or inspection sticker. He then approached appellant and asked for
identification. Upon receiving appellant's identification, Lewis discovered that appellant had
six outstanding traffic warrants for which he placed appellant under arrest. In his search
conducted incident to the arrest, Lewis discovered a plastic bag containing what was later
determined to be methamphetamine in appellant's wallet. The wallet was being carried on
appellant's person. Appellant testified that the items in the wallet were his except for the
methamphetamine. 

 Roy Murphy, the chemist, indicated on his report that there was a trace amount of
methamphetamine because the amount was less than what is considered a usable amount
and he normally only weighs amounts that are at least a hundreth of a gram. He estimated
there was between four and eight milligrams of methamphetamine. Murphy used about
half the substance for his test but there was still residue remaining. 

 A person commits the offense of possession of a controlled substance if he
knowingly or intentionally possesses the substance. Tex. Health & Safety Code Ann.
§481.115 (Vernon 2003). To secure a conviction for this offense, the State must prove that
the defendant exercised care, custody, or control over the drugs, was conscious of his
connection with the drugs, and knew the substance to be drugs. Brown v. State, 911
S.W.2d 744, 747 (Tex. Crim. App. 1995); Park v. State, 8 S.W.3d 351, 352 (Tex. App.-
Amarillo 1999, no pet.). There is no requirement that a person possess a usable amount
to be convicted of possession of a controlled substance. Joseph v. State, 897 S.W.2d 374,
376 (Tex. Crim. App. 1995). 

 In this instance, there was testimony that the substance was visible. For example,
it was seen by the officer when he removed the baggy from appellant's wallet. However,
there is no testimony that the substance was incapable of being measured but only that the
chemist had not done so. The chemist's testimony that he estimated the weight to be
between four and eight milligrams and residue was left after testing along with the
testimony that the methamphetamine was visible and found on appellant's person in his
wallet is some evidence upon which a rational jury could conclude, beyond reasonable
doubt, that appellant possessed a controlled substance as charged. Victor v. State, 995
S.W.2d 216, 219-21 (Tex. App.-Houston [14th Dist.] 1999, pet. ref'd) (holding the evidence
was sufficient to prove knowing possession when cocaine was found in a crack pipe in the
defendant's pants pocket and it was visible and measurable even though the chemist did
not measure it); Jenkins v. State, 870 S.W.2d 626, 628 (Tex. App.-Houston [1st Dist.] 1994,
pet. ref'd) (holding the evidence was sufficient to prove knowing possession when a tube
of cocaine was found in the defendant's pants pocket, a residue was visible, and the
chemist measured the cocaine at .33 milligrams). Further, after reviewing the entire record,
we do not conclude that the verdict is clearly wrong or manifestly unjust.

 Accordingly, the judgment of the trial court is affirmed.


 Per Curiam

Do not publish.